WILLIAM H. SLOCUM, Individually and as Guardian ad Litem of PHILIP SLOCUM, an Infant, Respondent, *v.* COUNTY OF MADISON, Appellant.

SANDRA SLOCUM, an Infant, by WILLIAM H. SLOCUM, Her Guardian ad Litem, et al., Respondents, *v.* COUNTY OF MADISON, Appellant.

CAROLINE SLOCUM, an Infant, by WILLIAM H. SLOCUM, Her Guardian ad Litem, et al., Respondents, *v.* COUNTY OF MADISON, Appellant.

WILLIAM H. SLOCUM, JR., an Infant, by WILLIAM H. SLOCUM, His Guardian ad Litem, et al., Respondents, *v.* COUNTY OF MADISON, Appellant.

ELSIE SLOCUM et al., Respondents, *v.* COUNTY OF MADISON, Appellant.

Third Department, July 31, 1958.

*William L. Burke* for appellant.

*Joe Schapiro* for respondents.

REYNOLDS, J. Appeal from an order of Madison County Special Term (ZELLER, J.) denying defendant county's motion to dismiss the complaint in each action insofar as it alleged a cause of action on behalf of William H. Slocum, and granting plaintiff William H. Slocum's motion to be allowed to file an amended or supplemental notice of claim.

The actions arose out of an accident which occurred July 30, 1957 when an automobile owned by plaintiff William H. Slocum and driven by his wife struck a tree limb, which had fallen into the highway and remained there allegedly because of the negligence of defendant county. This caused the driver to crash into another tree, thus bringing injuries to the wife and four children of William H. Slocum who were riding in the car. The wife and each child, by William H. Slocum as guardian ad litem, served timely notices of claim upon defendant county, each alleging personal injuries resulting from the accident and each identifying William H. Slocum as husband or father of the claimant and owner of the car. Eventually each claimant served complaints upon the county, and such complaints contained causes of action in favor of plaintiff William H. Slocum for loss of companionship (wife) and services and for his medical expenses for each injured party. Defendant moved to strike each cause of action in favor of William H. Slocum on the grounds that the court lacked jurisdiction of those causes of action and that William H. Slocum had no legal capacity to

sue because he had failed to file a notice of claim pursuant to section 50-e of the General Municipal Law within 90 days from the date of the accident. Plaintiff William H. Slocum thereupon cross-moved to file an '' amended or supplementary notice of claim '' pursuant to subdivision 6 of section 50-e and Special Term granted his cross motion and denied the motion of defendant.

Section 50-e of the General Municipal Law became law as chapter 694 of the Laws of 1945 and was an attempt to bring uniformity and a more liberal attitude to the numerous, conflicting and harsh notice of claim statutes and ordinances throughout the State. Subdivision 6 of section 50-e reads as follows: '' At or before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. Application for such relief, if made before trial, shall be by motion, on affidavits. Failure to serve more than one copy may be corrected by such motion.''

The respondent contends that his motion comes within subdivision 6, above, for the following reasons: (1) that the notices of claim filed for his wife and children clearly reveal the nature of the accident and injuries, and his obvious involvement, (2) that the claims filed gave the county reasonable notice of the accident and of the fact that the claimants were related to him either as wife or child and that it was implicit that there were medical bills which he was presumptively liable to pay, (3) that the failure of respondent William H. Slocum to include or have included in the notices of claim allegations of his personal and individual damages was an inadvertent omission made in good faith, (4) that the original notices of claim gave full and adequate notice to the defendant county of the accident, injuries and damages and (5) that the county was in nowise prejudiced and that in the interests of justice the discretion of the court below was properly exercised in permitting the amendments. We agree. The facts of this case seem at least as strong, if not stronger, than those in *Matter of Charlemagne* v. *City of New York* (277 App. Div. 689, affd. 302 N. Y. 871), where the husband filed his claim for medical expenses and loss of services arising out of the wife's sidewalk fall, but the wife inadvertently failed to file her claim and the court allowed the amendment of

the husband's claim to include that of the wife, on the ground that failure to include the claim of the wife was a mistake and that the only important question was whether the city had been prejudiced. The opinion by Shientag, J., (p. 692) states: " The failure to file the notice of claim on behalf of the injured wife or to include her notice of claim with that of her husband's, was thus only a nominal mistake made in good faith. It is clear, moreover, that to allow the husband's claim to be amended so as to include that of the wife, with her verification thereof could in no way prejudice the defendant City of New York. The test of prejudice is a realistic one. Any investigation made by the city to determine the merit of the husband's claim necessarily would cover the same ground as would one required to meet the wife's claim. As the husband's claim is essentially auxiliary to the wife's, on trial the same evidence and the same testimony would be needed in defense against both."

This reasoning applies with greater force in the present case because here the claims predicated on the basic causes of action (rather than the derivative cause of action, as in *Charlemagne*) were filed in time. (*Matter of Charlemagne* v. *City of New York, supra; Winbush* v. *City of Mount Vernon,* 306 N. Y. 327).

The order of the Special Term should be affirmed.

Bergan, J. P., Gibson, Herlihy and Reynolds JJ., concur.

Order of the Special Term affirmed, with $10 costs.