Louis G. Bbuhu, J.
This is a motion on behalf of the claimant for an order “permitting and allowing her to serve the proposed Notice of Claim, annexed to this application, pursuant to Section 50-e, Subdivision 5 of the General Municipal Law of the State of New York, and for such other and further relief as to the Court may seem just and proper.'” (Italics supplied.)
It appears that a notice of claim was duly filed by the claimant’s husband within the period prescribed by subdivision 1 of section 50-e of the General Municipal Law, following an accident in which he allegedly sustained serious injuries as a result of the claimed negligence of the municipality.
Following the filing of the notice of claim by the husband, a landmark decision by our Court of Appeals on July 2, 1968, in the case of Millington v. Southeastern Elevator Co. (22 N Y 2d 498) overruled the old court-made rule and recognized that there now exists ‘1 a cause of action for consortium in the wife, thereby terminating an unjust discrimination under New York law. ’ ’
Such a claim by the wife, being derivative in nature, would normally arise on the date of the accident in which the husband received his injuries.
Under those circumstances, in this case it would be impossible for the wife to separately comply with the 90-day provision of subdivision 1 of section 50-e of the General Municipal Law.
Subdivision 5 of such section of the General Municipal Law has been held to be limited and not to be interpreted ‘ ‘ as permitting a judicial extension for causes other than those prescribed in plain words.” (Matter of O’Neil v. Manhattan & Bronx Surface Tr. Operating Auth., 23 A D 2d 488, 489.)
Since the cause existing in this claimant’s case does not fall within any of those three causes contained in that subdivision, relief is not available to her thereunder.
CPLR 2004 provides: “Except where otherwise expressly prescribed by law, the court may extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed.”
While at first blush it might appear that relief of the character sought by the claimant could surely be given under this section, the great weight of authority appears to be to the contrary.
In a leading case of Matter of Powers v. Foley (25 A D 2d 525) the court stated: “ Nor does CPLR 2004 permit an extension of time to be granted to the petitioner; it.applies to exten *659 sions of time for the doing of acts in actions and proceedings and not for the doing of acts which are substantive in character and provided for under other statutes ”.
While the case of Quintero v. Long Is. R. R. (55 Misc 2d 813) is regarded by some as authority to the contrary, it would appear that Judge Sobel was indulging in some wishful hoping and did not rely entirely on any discretion he has under CPLR 2004 to arrive at the conclusion he reached there. At page 819, he stated:
‘ ‘ But a 90-day notice of claim statute might be saved from unconstitutionality simply by resting discretion in the courts to relieve from non prejudicial mistake, inadvertence, etc.
“ The Legislature did so when it enacted section 50-e in 1945 (L. 1945, ch. 694) with respect to claimants laboring under legal disabilities (§ 50-e, subd. 5, death, infancy, etc.). It is too late for a trial court to suggest that these exceptions were not intended to be exclusive although there is evidence to support that view. Too many high court decisions are to the contrary (but see Rand v. Andreatta, 60 Cal. 2d 846, discussed infra).
“ But it is surely not too late for the appellate courts to so hold by virtue of CPLR 2001.” (Italics supplied.)
In view of the foregoing, it would appear that at this point, the claimant is without remedy.
However, apparently anticipating problems of this character, the court, in the Millington case (22 N Y 2d 498, 507-508, supra) stated: “ The defendants argue that there are practical difficulties in allowing a consortium action, especially with respect to retrospective application. The problem has not troubled other courts seriously and may easily be resolved. Where there is a cause of action brought by the injured husband pending, the wife’s consortium action, if not time-barred, should be joined with her husband’s claim. Where, however, the husband’s cause of action has been terminated either by judgment, settlement or otherwise, that should operate to bar the wife’s cause of action for consortium.” (Italics supplied.)
Since in this case there is a cause of action brought by the injured husband pending and since the Statute of Limitations has not run against the wife’s consortium action, the question arises how can it now be joined with her husband’s claim.
Subdivision 6 of section 50-e of the General Municipal Law may well provide the answer. It provides, in part: “6. Any time after the date of service of the notice of claim and at or before the trial of an action * * * a mistahe, omission, irregularity or defect made in good faith in the notice of claim *660 required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court provided it shall appear that the other party was not prejudiced thereby.” (Italics supplied.)
In brief or in essence, the problem involved consists merely of a mistake or omission by the husband to incorporate a derivative claim for his wife’s loss of consortium as a result of his injuries in his original notice of claim.
Since his original notice of claim was timely filed and adequate in content to apprise the respondent of the accident giving rise to these claims the municipality cannot be prejudiced by permitting the husband’s notice of claim to be corrected under subdivision 6.
Therefore, in the exercise of discretion, the motion is granted, without costs, to the extent of having the husband’s original notice of claim corrected to supply the omission of his wife’s claim for loss of consortium, and to the further extent of permitting an amended complaint to be served upon the municipality on or before January 15, 1969.