■ In the Matter of RICHARD E. SHAW, as Father, Appellant, v CLARKS-TOWN CENTRAL SCHOOL DISTRICT, NEW CITY, Respondent.—In a proceeding for leave to serve an amended notice of claim to include derivative damages

incurred by the parent of an infant claimant, the appeal is from an order of the Supreme Court, Rockland County, entered November 28, 1977, which denied the application. Order reversed, on the law, with $50 costs and disbursements, and application granted. The infant claimant allegedly was injured while in attendance at defendant's school on October 6, 1976. A timely notice of claim was filed on November 23, 1976 (see General Municipal Law, § 50-e). The claim was captioned "In the Matter of the Claim of Richard E. Shaw as father of Brent Shaw, an infant". The items of damage sought included all "necessary medical expenses". Special Term denied the father's motion to amend the notice of claim so as to include his individual derivative claim for reimbursement of medical expenses. Under the circumstances, we believe it was an improper exercise of discretion to deny the amendment. Subdivision 6 of section 50-e of the General Municipal Law provides that "a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby." The school district does not complain that the defense of this case will be prejudiced. To the contrary, any investigation made by it to determine the merits of the infant claimant's claim would necessarily cover the same ground required to meet petitioner's derivative claim. Furthermore, the express reference to "necessary medical expenses" in the original notice of claim charged the school district with notice regarding petitioner's present claim. The statute is not limited to technical or merely formal flaws (*Matter of Charlemagne v City of New York,* 277 App Div 689, 691, affd 302 NY 871). In *Charlemagne,* the court permitted amendment of a husband's notice of claim for loss of services so as to include the wife's underlying claim (see, also, *Slocum v County of Madison,* 6 AD2d 347; *Matter of La Pan v County of Albany,* 58 Misc 2d 657). We are not unmindful of the line of authority exemplified by *Charalambakis v City of New York* (54 AD2d 553, mot for lv to app granted 42 NY2d 803, and cases cited therein), which holds that leave which is granted to an infant to serve a *late* notice of claim because of his disability of infancy does not accrue to the benefit of his guardian's claim for derivative damages. In those cases, there had been no timely-filed notice of claim which was thereafter sought to be amended. Accordingly, the courts were faced with applications for leave to serve a *late* notice of claim. Because no excuse for late service was applicable to the derivative claims, those applications, to that extent, were properly denied. Finally, we note that "far too often technicalities in this field have prevented the disposition of honest claims on their merits" (*Matter of Martin v School Bd. of Union Free Dist. No. 28, Long Beach,* 301 NY 233, 236-237, quoting *Tenth Annual Report of N. Y. Judicial Council,* 1944, p 265). Considering the remedial nature of the statute in question, we are inclined to liberally construe the intent of the Legislature (see *Matter of Charlemagne v City of New York,* 277 App Div 689, 692, *supra; Matter of Ostrow v·City of New York,* 191 Misc 240). Martuscello, J. P., Suozzi, Rabin and Hawkins, JJ., concur.