■ ISABELLA VAN CALOEN et al., Respondents-Appellants, v JOHN A. POGLINCO, Appellant-Respondent, et al., Defendant. [625 NYS2d 245] —In an action to recover damages for medical malpractice, etc., the defendant John A. Poglinco appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Colabella, J.), entered February 7, 1992, as, denied his motion to strike scandalous and prejudicial material from the plaintiffs' bill of particulars, and granted the branch of the plaintiffs' cross motion which was for leave to serve an amended complaint and the plaintiffs cross-appeal from so much of the same order as granted the branch of the defendant's motion which was for a protective order precluding discovery of his personnel records and applications for hospital privileges. The appeal brings up for review

so much of an order of the same court, entered May 21, 1992, as, upon reargument, (1) adhered to so much of the prior order as granted the plaintiffs leave to serve an amended complaint and (2) modified so much of the prior order as granted the branch of the defendant's cross motion which was for a protective order directing that his personnel records and applications for hospital privileges be produced for an in-camera inspection by the court (see, CPLR 5517 [b]).

Ordered that, on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal from so much of the order entered February 7, 1992, as denied that branch of his motion which was to strike scandalous and prejudicial matter from the plaintiffs' bill of particulars, and leave to appeal is granted (see, CPLR 5701 [c]); and it is further,

Ordered that the appeal and cross appeal from so much of the order entered February 7, 1992, as (1) granted the branch of the plaintiffs' cross motion which was for leave to file an amended complaint and (2) granted the branch of the defendant's motion which was for a protective order, are dismissed, as that order was superseded by the order entered May 21, 1992, made upon reargument; and it is further,

Ordered that the order entered February 7, 1992, is reversed insofar as reviewed, without costs or disbursements, and the branch of the defendant's motion which was to strike scandalous and prejudicial material from the plaintiffs' bill of particulars is granted; and it is further,

Ordered that the order entered May 21, 1992, is reversed insofar as reviewed, the branch of the defendant's motion which was for a protective order is denied and the provision of the order entered February 7, 1992, which granted that branch of the defendant's motion is vacated, and the branch of the plaintiffs' cross motion which was for leave to serve an amended complaint is denied and the provision of the order entered February 7, 1992, which granted that branch of the plaintiffs' cross motion is vacated.

The sixth, seventh, and eighth causes of action in the plaintiffs' amended complaint do not state a claim upon which relief can be granted. The plaintiffs have failed to allege the elements necessary to support a cause of action for fraudulent misrepresentation against the defendant John A. Poglinco (see, e.g., Channel Master Corp. v Aluminium Ltd. Sales, 4 NY2d 403, 407; Clearview Concrete Prod. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461; Meese v Miller, 79 AD2d 237; see

*also,* CPLR 3016 [b]), and have similarly failed to state a cause of action for intentional infliction of physical and mental harm *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314; *ATI Inc. v Ruder & Finn,* 42 NY2d 454; *Patane v Griffin,* 164 AD2d 192; *Kaplan v Dart Towing,* 159 AD2d 610, 612; *Twitchell v MacKay,* 78 AD2d 125; *Dries v Gregor,* 72 AD2d 231, 235). As the plaintiffs concede, there is no separate cause of action for punitive damages *(Friar v Vanguard Holding Corp.,* 78 AD2d 83). Therefore, the Supreme Court should have denied the branch of the cross motion which was for leave to serve an amended complaint.

The plaintiffs have incorporated in their bill of particulars references to collateral matters regarding the defendant Poglinco's past history that are unrelated to the instant litigation. These matters should be stricken from the plaintiffs' bill of particulars as unnecessary to their causes of action and as seriously prejudicial to the defendant. Should the facts related therein become relevant at trial, their admissibility should be determined by the Trial Judge in light of the posture of the case at that juncture *(see, Wegman v Dairylea Coop.,* 50 AD2d 108; *Schachter v Massachusetts Protective Assn.,* 39 AD2d 540; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3024:4, at 322-323).

Education Law § 6527 (3) exempts from discovery only "proceedings [and] * * * records relating to [a hospital's] performance of a medical or a quality assurance review function". As the defendant Poglinco has not alleged that the information sought by the plaintiffs was engendered and used in the course of formal proceedings by a hospital review committee, his applications for hospital privileges and his personnel file are not protected from disclosure *(see, e.g., Bush v Dolan,* 149 AD2d 799; *cf., Parker v St. Clare's Hosp.,* 159 AD2d 919; *Carroll v Nunez,* 137 AD2d 911; *Kiefer v Mather Mem. Hosp.,* 93 AD2d 856). In the absence of a properly asserted privilege, any "knowledge the hospital may have had regarding [a staff physician's] alleged incompetence is * * * relevant and subject to disclosure," where, as here, the plaintiffs contend that the defendant hospital was negligent in granting privileges to the defendant Poglinco *(Byork v Carmer,* 109 AD2d 1087, 1088; *see also, Raschel v Rish,* 110 AD2d 1067; *Larsson v Mithallal,* 72 AD2d 806). Copertino, J. P., Pizzuto, Joy and Friedmann, JJ., concur.