■ MARGARET ANN BOMBA, Respondent, v SUSAN SILBERFEIN et al., Appellants. [657 NYS2d 22] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 22, 1996, which granted plaintiff's motion for summary judgment on her first and third causes of action, unanimously reversed, on the law, without costs, and the motion denied.

This is an action for legal fees which are sought pursuant to an agreement by which plaintiff was retained to represent

defendants in filing a cross-petition for appointment of a conservator of the property of defendants' grandmother in Surrogate's Court. The agreement stated, in pertinent part: "In consideration of the services to be rendered by the Attorney, including preparation of all required documents * * * the Clients hereby agree to pay the attorney the sum of $200.00 per hour. In addition thereto, Clients agree to pay for all necessary and proper costs, disbursements and expenses * * *. The Attorney will make application to the Court for payment of her fees and disbursements to be made from the proceeds of the estate of the proposed Conservatee. Should the Court award such a fee to the Attorney, Clients' account will be credited with the said sum or Clients will receive a refund from the Attorney if the awarded sum is in excess of the balance due and owing to Attorney as set forth on her final statement to Clients."

The cross-petition was ultimately unsuccessful, and, when plaintiff filed her fee application in Surrogate's Court seeking compensation in the amount of $43,780, she was awarded only $5,000. She now seeks the balance of her fee from defendants.

Initially, we reject defendants' argument that plaintiff is collaterally estopped from seeking a fee under the retainer agreement based on the ruling of the Surrogate's Court that she was entitled to only a $5,000 fee. A party seeking the benefit of collateral estoppel must prove that there is an identity of issues which have necessarily been decided in the prior action and are decisive of the present action, and that there was a full and fair opportunity to contest the decision now said to be controlling (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 666; *Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455). In this matter, the issue decided in the Surrogate's Court proceeding and the issue before this Court are not identical. Here, plaintiff seeks to recover legal fees from defendants pursuant to an agreement between the parties. The petition in Surrogate's Court sought compensation from the estate of the conservatee pursuant to the authority of the Surrogate to award fees in actions brought before it (*see*, SCPA 2110).

While these issues are not identical, and therefore plaintiff is not collaterally estopped from seeking payment under the agreement, we nevertheless find that sufficient questions of fact exist regarding the reasonableness of the amounts claimed by plaintiff under the agreement to preclude summary judgment in plaintiff's favor.

The IAS Court did not reach the issue of whether the amounts claimed were proper since it held that the defendants'

failure to contest within a reasonable time the amount of the bills which were regularly sent to them by plaintiff created an account stated and therefore precluded defendants from now arguing that the amounts billed were excessive. Defendants, however, maintain, in sworn allegations, that they were assured by plaintiff that the Surrogate's Court would award her full fee, which would therefore be paid from their grandmother's estate. While acknowledging that they never questioned the reasonableness of the bills, they contend that that was only because they believed that they would not have to pay them themselves and that they would ultimately be reviewed by the court.

We find that these sworn allegations are sufficient to create a question of fact as to whether defendants' retention of plaintiff's bills under these circumstances "creates a sufficiently clear inference of acquiescence to warrant summary judgment" (*Rosenman Colin Freund Lewis & Cohen v Neuman*, 93 AD2d 745, 746). Summary judgment is, therefore, precluded on the issue of the amount of damages. Concur— Ellerin, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.