■ ELKIN MANN, Appellant, v MICHAEL ALVAREZ et al., Respondents. [661 NYS2d 250] —In an action, inter alia, pursuant to 42 USC §§ 1983 and 1988 to recover damages for the violation of Federal constitutional rights, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Price, J.), dated February 9, 1996, as granted those branches of the defendants' cross motion which were to dismiss the causes of action asserted in the complaint to recover damages pursuant to 42 USC §§ 1983 and 1988, and denied stated portions of his motion to compel discovery and inspection.

Ordered that so much of the notice of appeal as purports to appeal from that portion of the order as denied the branch of the plaintiff's motion which was for a further deposition of the defendant Michael Alvarez is deemed an application for leave to appeal from that portion of the order and the application is granted; and it is further,

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which denied those branches of the

plaintiff's motion which were to compel (a) discovery of the identification of all police officers who had immediate supervisory responsibility over each individual defendant, (b) production of Internal Affairs Department and Civilian Complaint Review Board files regarding complaints of excessive force made against the individual defendants, and (c) the further deposition of the defendant Michael Alvarez and substituting therefor provisions granting those branches of the motion, and (2) deleting the provision thereof which granted the branch of the defendants' cross motion which was to dismiss the causes of action to recover damages pursuant to 42 USC §§ 1983 and 1988 insofar as those causes of action were asserted against the defendants Michael Alvarez, Michael Ferrado, and John Does, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff Elkin Mann commenced this action, *inter alia*, to recover damages for personal injuries, alleging that the named individual defendants, police officers employed by the defendant City of New York, assaulted him.

The defendants moved to dismiss the plaintiff's causes of action asserted in the complaint pursuant to 42 USC §§ 1983 and 1988 on the ground that the complaint failed to state a cause of action or, in the alternative, for summary judgment pursuant to CPLR 3212. While we agree that the plaintiff's causes of action asserted in the complaint pursuant to 42 USC §§ 1983 and 1988 should be dismissed insofar as asserted against the defendant City of New York, we disagree with the Supreme Court that the complaint failed to state a cause of action pursuant to those statutes against the individual defendants.

With regard to similar claims asserted against the defendant City, the record clearly establishes that the City was entitled to summary judgment. It is well settled that the requirement of pleading an *official policy or custom of a municipality* through which constitutional injury has been inflicted upon a plaintiff, applies only to 1983 claims against a local government, and not to such claims insofar as they are asserted against individual defendants in their official capacities (*see, Monell v Department of Social Servs.*, 436 US 658, 694; *Fiacco v City of Rensselaer*, 783 F2d 319, 325-326, *cert denied* 480 US 922). Indeed, the official policy or custom requirement was intended "to distinguish acts of the municipality from acts of employees of the municipality" (*Pembaur v Cincinnati*, 475 US 469, 479). The plaintiff failed to submit any proof, beyond bare and conclusory assertions, that the City did not adequately

train, supervise, or discipline its police officers (*see, Canton v Harris*, 489 US 378, 389-390; *Jackson v Police Dept.*, 192 AD2d 641, 642, *lv denied* 82 NY2d 658, *cert denied* 511 US 1004).

The plaintiff correctly notes that New York Civil Rights Law § 50-a does not govern the discovery of police personnel files in this action (*see, Svaigsen v City of New York*, 203 AD2d 32, 33). Under Federal Rules of Civil Procedure, rule 26 (b) (1), which governs discovery with regard to the causes of action asserted pursuant to 42 USC §§ 1983 and 1988, the information sought should be reasonably calculated to lead to the discovery of relevant and admissible evidence. As to the plaintiff's request for the officers' medical, psychiatric, rehabilitation, and counseling files, the complaint is devoid of any allegations warranting the discovery of such information. The plaintiff's allegations of excessive force and false arrest do not, by themselves, place the officers' mental health in issue (*see, Unger v Cohen*, 125 FRD 67, 69). With respect to the plaintiff's discovery demands for the names and addresses of all police officers who had immediate supervisory responsibility over each defendant, we find this demand overbroad, and accordingly, the defendants need only identify such officers. The Internal Affairs Department and Civilian Complaint Review Board files are relevant to the plaintiff's Federal claims since they may reasonably lead to the discovery of other relevant information related to the claims.

Finally, rulings made upon objections to questions posed in the course of an examination before trial are not appealable as of right (*see, Ewell v Moore*, 133 AD2d 67; *Rockwood Natl. Corp. v Peat, Marwick, Mitchell & Co.*, 59 AD2d 573), and therefore we have granted leave to appeal from so much of the order as denied that branch of the plaintiff's motion which was to compel Officer Alvarez to answer certain questions to which defense counsel objected during Alvarez's deposition. Under the circumstances of this case, the Supreme Court erred in denying that branch of the plaintiff's motion. Most of these objections were based on New York Civil Rights Law § 50-a, which is not applicable to this action involving Federal civil rights claims, and thus the plaintiff is entitled to have the questions answered. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.