■ R.A. Associates, Respondent-Appellant, v Jack Lerner et al., Appellants-Respondents. [666 NYS2d 665] —In an action, *inter alia,* to recover on an account stated, the defendants Jack Lerner and Jack Lerner, Inc., appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated November 27, 1996, as denied the motion of Music Building Associates II for a change of venue and (2) from a judgment of the same court dated December 10, 1996, which, upon the granting of the plaintiff's motion for partial summary judgment against Jack Lerner individually on its second cause of action, is in favor of the plaintiff and against him in the principal sum of $16,700. The plaintiff cross-appeals, on the ground of inadequacy, from so much of the judgment as failed to award it the additional sum of $1,800. The notice of appeal of Jack Lerner and Jack Lerner, Inc., and the plaintiff's notice of cross-appeal from so much of the order as granted plaintiff's motion for partial summary judgment on its second cause of action are deemed premature notices of appeal and cross-appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the appeal of Jack Lerner and Jack Lerner, Inc., from so much of the order as denied Music Building Associates II's motion for a change of venue is dismissed, as those defendants are not aggrieved by that portion of the order appealed from (*see,* CPLR 5511); and it is further,

Ordered that the judgment is modified by deleting the first decretal paragraph thereof and substituting therefor a decretal paragraph awarding the plaintiff the principal sum of $18,500; as so modified, the judgment is affirmed, with costs to the plaintiff, and the matter is remitted to the Supreme Court, Rockland County, for entry of an appropriate amended judgment.

The underlying action to recover damages in quantum meruit and to recover on an account stated was commenced against Jack Lerner and Jack Lerner, Inc., as a result of the defendant Jack Lerner's failure to pay the plaintiff, R.A. Associates, for the engineering services it provided pursuant to his request. Thereafter the plaintiff filed a motion for summary judgment on its second cause of action to recover on an account stated against Jack Lerner individually.

The plaintiff established its entitlement to judgment as a

matter of law on the cause of action to recover on an account stated (*see, Trans Intl. Corp. v P.T. Imports*, 240 AD2d 398). The evidence established that the plaintiff submitted its invoices to Jack Lerner shortly after it provided its services, that Lerner did not deny receipt of the invoices, and that the plaintiff repeatedly demanded payment for a period of approximately four months, both orally and in writing (*cf., Legum v Ruthen*, 211 AD2d 701).

However, the court incorrectly reduced the amount of the account stated by $1,800 on the mistaken belief that the plaintiff did not dispute that there was an overcharge for 18 hours of work in the second invoice. In fact, the plaintiff only conceded that there was a typographical error regarding the dates that the work was performed in the second invoice, not that the computation of the bills was inaccurate.

The parties' remaining contentions are either without merit or not properly before this Court. Mangano, P. J., Santucci, Joy and Lerner, JJ., concur.