■ JAY LANDA, Respondent, v RAYMOND SULLIVAN, Appellant. [679 NYS2d 323] —In an action to recover legal fees, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 8, 1997, which, *inter alia*, granted the plaintiff's motion for summary judgment on the first cause of action and dismissed his affirmative defense, and (2) a judgment of the same court, dated October 3, 1997, which is in favor of the plaintiff and against him in sum of $15,410.94.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

This is an action to recover legal fees. Contrary to the defendant's contention, the plaintiff is not precluded from asserting a cause of action predicated upon an account stated despite the fact that the original agreement between the parties contained a minimum nonrefundable retainer clause (*see, Matter of Cooperman,* 83 NY2d 465). Furthermore, the plaintiff established his entitlement to judgment as a matter of law on his first cause of action to recover on an account stated since the defendant initialed as "approved" the invoice upon which this cause of action is based, failed to thereafter timely object to the invoice, and made partial payment thereon (*see, Speciner v Parr,* 251 AD2d 544; *R.A. Assocs. v Lerner,* 245 AD2d 437; *Coudert Bros. v Finalco Group,* 176 AD2d 622; *Chisholm-Ryder Co. v Sommer & Sommer,* 70 AD2d 429, 431). The court also properly dismissed the defendant's affirmative defenses.

We note that the only other cause of action asserted in the complaint was withdrawn by the plaintiff at the time he submitted his motion for summary judgment. Bracken, J. P., Santucci, Krausman and Florio, JJ., concur.