■ Laughlin Rice, as Administrator of the Estate of Emma J. Rice, Deceased, Appellant, v St. Luke's-Roosevelt Hospital Center et al., Respondents. [739 NYS2d 384] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered August 1, 2001, which, in an action arising out of plaintiff's decedent's alleged rape by another patient while herself a patient in defendants' cardiac care unit, upon defendants' motion for partial summary judgment dismissing so much of the complaint as sought damages for medical malpractice and punitive damages, dismissed the complaint in its entirety, unanimously modified, on the law, to grant defendants' motion only to the extent of striking paragraph 25 of the complaint and dismissing so much of plaintiff's prayer for relief as seeks punitive damages, otherwise deny the motion and reinstate the remainder of the complaint, and otherwise affirmed, without costs.

Plaintiff's claims in paragraphs 13 to 17 that the rape could have been prevented or mitigated had defendants properly monitored and interpreted the decedent's telemetry readings are merely additional allegations in support of the sole cause of

action in the complaint sounding in ordinary negligence and thus should not have been stricken as a separate claim sounding in medical malpractice since "not every act of negligence toward a patient would be medical malpractice" (*Bleiler v Bodnar*, 65 NY2d 65, 73).

Plaintiff's allegations that defendants failed to provide reasonable security to the decedent while she was in their cardiac care unit, which were not addressed by defendants' motion and were apparently dismissed on a search of the record, state a cause of action for ordinary negligence (*cf.*, *Bleiler v Bodnar*, *supra* at 73; *see also*, *N.X. v Cabrini Med. Ctr.*, 97 NY2d 247 *modfg* 280 AD2d 34; *Morris v Lenox Hill Hosp.*, 232 AD2d 184, 185, *affd for reasons stated* 90 NY2d 953), and should not have been dismissed.

Finally, since there is no support for plaintiff's allegation that defendants' alleged destruction of telemetry records would constitute a public harm, his prayer for punitive damages was properly stricken. However, the underlying allegations of such claim could arguably be relevant to plaintiff's negligence claim and are not of such a scandalous or prejudicial nature as to warrant being stricken pursuant to CPLR 3024 (b). Concur—Mazzarelli, J.P, Andrias, Wallach, Rubin and Marlow, JJ.