■ MARIE KINKELA, Respondent, v INCORPORATED VILLAGE OF MINEOLA et al., Appellants. [761 NYS2d 284] —In an action, inter alia, to recover damages for personal injuries and malicious prosecution, the defendants appeal from an order of the Supreme Court, Nassau County (Cozzens, J.), dated March 6, 2002, which denied their motion to compel the plaintiff to respond to certain inquiries during her examination before trial.

Ordered that on the Court's own motion, the notice of appeal is deemed an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

No appeal lies as of right from an order denying a motion to direct a witness to respond to questions posed during the course of a deposition (*see McGuire v Zarlengo,* 250 AD2d 823 [1998]; *Mann v Alvarez,* 242 AD2d 318 [1997]). However, this Court may deem the defendants' notice of appeal from such an order as an application for leave to appeal from that order, and grant leave to appeal (*id.*).

The plaintiff seeks, inter alia, to recover punitive damages based on the purported malicious conduct of the defendants in preparing and issuing a subpoena duces tecum regarding the existence of alleged illegal tenancies at her premises. It is undisputed that in preparing and issuing the subpoena duces

tecum, the defendants falsely represented that, at the time in question, there was a pending criminal action against the plaintiff in the Village Court of the Village of Mineola.

"When punitive damages are sought, all circumstances immediately connected with the transaction tending to exhibit or explain a defendant's motivation for the conduct in question are admissible in evidence" (*Moran v International Playtex,* 103 AD2d 375, 376 [1984]). Here, however, the information the defendants intend to elicit from the plaintiff at her examination before trial has no bearing on the intent and motivation of the defendants at the time that the subpoena was issued. Accordingly, the Supreme Court properly denied the motion.

The defendants' remaining contention is without merit. Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.