■ KENNETH WHITFIELD, JR., et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON, Respondent. [789 NYS2d 187]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 18, 2003, which denied their motion to compel the production and in-camera inspection of certain documents.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiffs commenced this action to recover damages for personal injuries arising out of an alleged sexual assault by one five-year-old student against another. The deposition testimony of various school personnel established that the defendant Board of Education of the City of Mount Vernon had no notice of any violent proclivities or sexual aggression by the alleged assailant. After the conclusion of depositions, the plaintiffs moved to compel the production and in camera inspection of the alleged

assailant's school file, including his disciplinary records. The Supreme Court denied the motion, concluding that nothing in the record warranted even an in camera inspection of the requested school records.

The plaintiffs had no basis to believe that the requested file contained information helpful to their case. Four knowledgeable deponents, including the infant plaintiff's mother, had testified that no one was aware of any prior violent, aggressive, or sexually inappropriate behavior by the alleged assailant. Thus, the plaintiffs' motion to compel the production and in camera inspection of certain documents was merely an impermissible fishing expedition, and was properly denied (*see Matter of Dickinson*, 273 AD2d 89 [2000]; *Weisberg v Weisberg*, 236 AD2d 207 [1997]; *Colony Nyro Partners v Merritt & Co.*, 231 AD2d 547, 548 [1996]; *Lipshie v Peck*, 139 AD2d 702 [1988]). Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.