MICHAELA MAYER, Appellant, v 486 ASSOCIATES, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.)
[825 NYS2d 724]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silverman, J.), dated March 21, 2005, which, in effect, granted that branch of her motion which was for a further deposition of Debra Cooper only to the extent of permitting questions about buildings owned and operated by the defendants

486 Associates, Inc., and 486 Realty Associates in Crown Heights, and denied that branch of her motion which was to compel the defendants 486 Associates, Inc., and 486 Realty Associates to produce for inspection their records for a building located at 486 Brooklyn Avenue.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from that portion of the order which, in effect, granted that branch of the plaintiff's motion which was for a further deposition of Debra Cooper only to the extent of permitting questions about buildings owned and operated by the defendants 486 Associates, Inc., and 486 Realty Associates in Crown Heights is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [b] [1]; *Kinkela v Incorporated Vil. of Mineola*, 306 AD2d 382 [2003]; *Mann v Alvarez*, 242 AD2d 318, 319 [1997]); and it is further,

Ordered that the order is modified, on the law, by adding a provision thereto permitting questions about a building owned and operated by the defendants 486 Associates, Inc., and 486 Realty Associates located at 231 Ocean Avenue in Brooklyn; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, a tenant in a building (hereinafter the subject building) owned by the defendants 486 Associates, Inc., and 486 Realty Associates (hereinafter collectively Associates), was sexually assaulted by the third-party defendant, Carlos Myers, in the subject building. Shortly before this incident, Myers sexually assaulted someone in another building owned by Associates located at 231 Ocean Avenue, in Brooklyn. At the deposition of Debra Cooper, the managing agent for both buildings, the plaintiff sought to question Cooper, among other things, about the incident at 231 Ocean Avenue. The Supreme Court limited the inquiry to buildings owned by Associates in Crown Heights, which, according to the court, did not include 231 Ocean Avenue.

The plaintiff should have been permitted to conduct discovery with respect to the sexual assault that occurred at the building located at 231 Ocean Avenue because the location of that building was sufficiently proximate to that of the subject building and the circumstances surrounding that incident may be relevant to the foreseeability of the sexual assault at the subject building (*see* CPLR 3101 [a]; *see generally Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 295 [1993]; *Johnson v City of New*

*York,* 7 AD3d 577 [2004]; *Novikova v Greenbriar Owners Corp.,* 258 AD2d 149, 153 [1999]). Accordingly, the court should have permitted the plaintiff to question Cooper about the 231 Ocean Avenue building.

The court providently exercised its discretion in denying that branch of the plaintiff's motion which was to compel Associates to produce for inspection certain corporate records (*see Whitfield v Board of Educ. of City of Mount Vernon,* 14 AD3d 551 [2005]).

The plaintiff's remaining contentions are without merit. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.