■ MICHAELA MAYER, Appellant, v 486 ASSOCIATES, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [824 NYS2d 725]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Silverman, J.), dated September 22, 2005, as, upon reargument, adhered to its original determination in an order dated May 10, 2005, in effect, denying that branch of her motion which was, in effect, to compel Lancelot Webster to answer certain deposition questions.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [b] [1]; *Kinkela v Incorporated Vil. of Mineola*, 306 AD2d 382 [2003]; *Mann v Alvarez*, 242 AD2d 318, 319 [1997]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, so much of the order dated May 10, 2005, as, in effect, denied that branch of the plaintiff's motion which was, in effect, to compel Lancelot Webster to answer certain deposition questions is vacated, and that branch of the plaintiff's motion is granted.

The plaintiff should have been permitted to conduct discovery with respect to a prior sexual assault that occurred at the building located at 231 Ocean Avenue because the circumstances surrounding that incident may be relevant to the foreseeability of the sexual assault of the plaintiff at the subject building (*see Mayer v 486 Assoc.*, 35 AD3d 404 [2006] [decided herewith]; CPLR 3101 [a]; *see generally Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 295 [1993]; *Johnson v City of New York*, 7 AD3d 577 [2004]; *Novikova v Greenbriar Owners Corp.*, 258 AD2d 149,

153 [1999]). Accordingly, upon reargument, the court should have granted that branch of the plaintiff's motion which was, in effect, to compel Lancelot Webster, the building superintendent at 231 Ocean Avenue, to answer certain deposition questions regarding the building located at 231 Ocean Avenue. Florio, J.P., Ritter, Goldstein and Covello, JJ., concur.