M'HAMMED SOUMAYAH, Respondent, v LIZA MINNELLI et al., Appellants. [839 NYS2d 79]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered May 22, 2006, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the third cause of action for quantum meruit and to strike certain allegations as irrelevant and inadmissible, reversed, on the law, without costs, the third cause of action dismissed and the seventeenth and eighteenth paragraphs of the amended complaint struck.

In 1994 plaintiff was hired, at a rate of $238,000 per year, by defendant Minnelli to serve as her bodyguard and assistant. On or about June 2, 2004, a meeting allegedly occurred between plaintiff and Minnelli's attorney. At this meeting Minnelli's attorney allegedly informed plaintiff that Minnelli could no longer afford to pay plaintiff his full salary and requested that plaintiff accept a 50% cut in pay, which plaintiff refused to do. Two days after the meeting plaintiff received a letter from Minnelli's attorney indicating that plaintiff should no longer go to Minnelli's apartment because two other individuals would be performing

tasks at the apartment that plaintiff previously handled. Thereafter, plaintiff, who had been paid on a biweekly basis, was no longer timely paid. Plaintiff received his last paycheck on or about August 15, 2004. Plaintiff subsequently called Minnelli's attorney to inquire why plaintiff was no longer receiving paychecks and Minnelli's attorney advised plaintiff to contact his attorney.

On September 18, 2004, plaintiff, at Minnelli's request, visited Minnelli at her residence. According to plaintiff, Minnelli asked plaintiff why he planned on suing her and he replied "that it was wrong to fire him." As plaintiff proceeded to leave the residence, Minnelli allegedly "asked him how much money he wanted to not initiate [a] [law]suit" against her. Plaintiff responded that the "dispute was not about money" and left the residence. Shortly thereafter, Minnelli called plaintiff and requested that he reconsider suing her.

Approximately two months later, plaintiff commenced this action against Minnelli and the company through which she conducts her business, asserting causes of action for assault and battery, sexual harassment, quantum meruit, and retaliatory discharge and wrongful termination. With respect to his cause of action for quantum meruit, plaintiff alleges that he performed services for Minnelli while she was on tour that were outside the scope of his regular assignments for which he is owed $89,000. In lieu of answering, defendants moved to dismiss the complaint pursuant to CPLR 3211 or to strike certain allegations in the amended complaint pursuant to CPLR 3024 (b). Supreme Court denied those aspects of defendant's motion seeking dismissal of the cause of action for quantum meruit and to strike certain allegations pursuant to CPLR 3024 (b), and this appeal by defendants ensued.

Accepting as true the facts pleaded by plaintiff and according plaintiff the benefit of every favorable inference to be drawn from those facts, plaintiff failed to state a cause of action for quantum meruit. To state such a cause of action, plaintiff must allege (1) the performance of services in good faith, (2) the acceptance of the services by the person to whom they are rendered, (3) an expectation of compensation therefor, and (4) the reasonable value of the services (*Tesser v Allboro Equip. Co.*, 302 AD2d 589, 590 [2003]; *see Freedman v Pearlman*, 271 AD2d 301 [2000]). Here, there are simply no allegations supporting the first three elements. Notably, plaintiff offered no express allegations, conclusory or otherwise, regarding these elements. Moreover, the only reasonable inferences one can draw from the allegations in the amended complaint undercut

rather than support plaintiff's claim for quantum meruit. Specifically, plaintiff's allegations that he was informed that Minnelli could no longer afford to pay plaintiff his full salary, that his pay was going to be halved and that two other individuals were going to assume functions that he previously performed indicate that Minnelli did not accept additional services and that plaintiff had no reasonable expectation of compensation for those services. Thus, Supreme Court erred by denying that aspect of the motion seeking dismissal of the third cause of action.

The dissent's assertion that in dismissing the third cause of action we have "ignore[d] the principle that 'every contract contains an implied obligation of good faith and fair dealing' " is puzzling. First, plaintiff raised no such argument and does not purport to assert a cause of action for breach of the covenant of good faith and fair dealing. Second, the mere existence of this principle is not sufficient to cure the specific failures of the amended complaint to make essential allegations. In this regard, it bears emphasis that the "additional services" that are the crux of plaintiff's quantum meruit claim are noncontractual. Needless to say, the dissent does not explain how the implied obligation of good faith and fair dealing in the performance of contractual duties is at all relevant to the issue of whether plaintiff performed noncontractual services in good faith. In an apparent reference to the inferences we draw from the allegations of the amended complaint, the dissent asserts we "make[ ] factual conclusions which are at best speculative." The dissent's failure to provide any explanation of its position that those inferences are "at best speculative" prevents a reasoned exchange of views. In any event, the dissent's ipse dixit is beside the point. The inferences we draw, after all, are not necessary to our decision, which rests on the blatant inadequacy of the allegations of the amended complaint.

Supreme Court also erred in denying that aspect of the motion seeking to strike the seventeenth and eighteenth paragraphs of the amended complaint on the ground that these paragraphs contain "scandalous or prejudicial matter" that was "unnecessarily inserted" in the complaint (CPLR 3024 [b]). In reviewing a motion pursuant to CPLR 3024 (b) the inquiry is whether the purportedly scandalous or prejudicial allegations are relevant to a cause of action (*see New York City Health & Hosps. Corp. v St. Barnabas Community Health Plan*, 22 AD3d 391 [2005]; *Bristol Harbour Assoc. v Home Ins. Co.*, 244 AD2d 885, 886 [1997]; *Wegman v Dairylea Coop.*, 50 AD2d 108, 111 [1975], *lv dismissed* 38 NY2d 918 [1976]; *see also Rice v St. Luke's-Roosevelt Hosp. Ctr.*, 293 AD2d 258, 259 [2002]).

Here, the allegations that defendant Minnelli asked plaintiff how much money he wanted not to initiate suit and that she asked him to reconsider such action are not, at this point, relevant to plaintiff's claims. As a general rule, offers to compromise are inadmissible at trial (CPLR 4547). Thus, the allegations related to such are irrelevant and should be struck (*see* Siegel, NY Prac § 230, at 380 [4th ed] ["relevancy is still the best key to whether matter is 'unnecessarily' pleaded, and the best key to relevancy is whether it would be admissible in evidence at the trial"]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C:3024:4, at 323 ["In general, we may conclude that 'unnecessarily' means 'irrelevant'. We should test this by the rules of evidence and draw the rule accordingly. Generally speaking, if the item would be admissible at the trial under the evidentiary rules of relevancy, its inclusion in the pleading, whether or not it constitutes ideal pleading, would not justify a motion to strike under CPLR 3024 (b)"]). The allegations regarding the offers to compromise are not necessary for the sufficiency of plaintiff's causes of action for assault and battery, sexual harassment or retaliatory discharge and wrongful termination and "may instill undue prejudice in the jury" (*Wegman*, 50 AD2d at 111). Thus, the most prudent course of action at this juncture is to strike the allegations (*see Schachter v Massachusetts Protective Assn.*, 30 AD2d 540 [1968] ["(O)n balance, it would be more in keeping with sound discretion and the interests of justice to preserve defendant's right to a fair trial by not permitting plaintiff to invoke the liberal rule with respect to pleadings and allege the aforesaid prejudicial unnecessary matter under the guise of relevancy, which we do not find at this posture of the proceedings. We make no determination as to the relevancy or irrelevancy of such evidentiary matter at the trial, predicated on what may be adduced thereat. Nor is it intended, by striking these allegations, that, if said evidentiary matter should become relevant at the trial, they cannot be proved without being specifically averred in the amended complaint"]; *see also Van Caloen v Poglinco*, 214 AD2d 555, 557 [1995]; *JC Mfg. v NPI Elec.*, 178 AD2d 505, 506 [1991]). Concur—Marlow, Buckley and McGuire, JJ.

Mazzarelli, J.P., and Andrias, J., dissent in a memorandum by Andrias, J., as follows: I would affirm the order appealed from in all respects.

Given the liberality with which pleadings must be construed in favor of plaintiff on a motion pursuant to CPLR 3211 (a) (7), the third cause of action sufficiently states a claim for quantum

meruit in that the transactions and occurrences constituting the wrong are pleaded with sufficient detail to give notice thereof (CPLR 3013). Although plaintiff does not specifically allege that he performed certain services for defendant Minnelli in good faith, that she accepted such services and that he expected to be compensated therefor, such elements may reasonably be inferred. This is not a situation where plaintiff alleges that he performed services far greater than defendant deserved for the compensation he actually received (*see Freedman v Pearlman*, 271 AD2d 301, 304 [2000]). Rather, he alleges that he performed additional professional services for her outside the scope of his regular assignments while she was on tour, and that he has not been compensated and is owed $89,000 therefor. In holding otherwise, the majority ignores the principle that "every contract contains an implied obligation of good faith and fair dealing in its performance and enforcement" (2 Corbin on Contracts § 5.27, at 139 [1993 rev ed]) and makes factual conclusions which are at best speculative. The implication of good faith is relevant since it simply supports a reasonable inference that plaintiff performed the additional duties in good faith for Ms. Minnelli, and absent any denial that the services were performed or that she accepted them, plaintiff's allegations should not be deemed insufficient at this preanswer stage of the litigation. Nevertheless, instead of drawing every favorable inference that might be drawn from plaintiff's allegations, the majority does just the opposite in concluding that Ms. Minnelli did not accept additional services and that plaintiff had no reasonable expectation of compensation for those services. Obviously, whether plaintiff's normal duties were being curtailed has no bearing on his claim that he performed services outside the scope of his regular assignments while Ms. Minnelli was on tour. As to defendant's alternative request for a more definite statement pursuant to CPLR 3024 (a), the motion court properly denied such request and relegated defendant to serving a demand for a bill of particulars.

The court also properly denied defendants' motion to strike the allegations that defendant Minnelli asked plaintiff how much money he wanted not to initiate suit, and that she asked him to reconsider such action; these allegations are arguably relevant to plaintiff's claims in his second cause of action of discriminatory discharge and retaliation pursuant to New York City Human Rights Law (Administrative Code of City of NY) § 8-107 (1) (a). Contrary to defendants' contentions, CPLR 4547, which provides that evidence of compromise "shall be inadmissible as proof of liability for or invalidity of the claim or the amount of damages," but not necessarily "when it is offered for

another purpose," does not mandate a different result. The question of the admissibility of such allegations at trial is best left for determination by the trial court.