■ Jay Landa, Appellant, v Barrie Dratch, Respondent. [846 NYS2d 256]—

In an action to recover legal fees, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Spinola, J.), dated April 3, 2007, as denied his motion to strike allegedly prejudicial and unnecessary matter from the defendant's answer, to dismiss the defendant's affirmative defenses, for summary judgment on his first cause of action for an account stated in the sum of $28,275, and for an award of costs.

Ordered that on the Court's own motion, so much of the notice of appeal as purports to appeal as of right from so much of the order as denied that branch of the plaintiff's motion which was to strike allegedly prejudicial and unnecessary matter from the defendant's answer is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [b] [3];[c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to strike allegedly prejudicial and unnecessary matter from the answer, to dismiss the third and fourth affirmative defenses, and for summary judgment on the first cause of action for an account stated in the sum of $28,275, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In this action to recover legal fees, the plaintiff timely sought de novo review of the merits of a fee dispute following arbitration (*see* 22 NYCRR 137.8). Under these circumstances, the nonfinal and nonbinding arbitration award is inadmissible as evidence at the trial de novo (*see* 22 NYCRR 137.8 [c]) and, therefore, may not be attached as an exhibit to the defendant's answer or otherwise referred to in the defendant's pleading (*see* CPLR 3024 [b]; *Soumayah v Minnelli*, 41 AD3d 390 [2007]; *Wegman v Dairylea Coop.*, 50 AD2d 108, 111 [1975]). For the same reason, the defendant's third and fourth affirmative de-

fenses, which rely on the allegedly final and binding nature of the arbitration award, should have been dismissed, as those affirmative defenses are not available to the defendant.

Moreover, the plaintiff established his prima facie entitlement to summary judgment on his first cause of action for an account stated in the sum of $28,275 by tendering invoices for services rendered prior to March 4, 2005, setting forth his hourly rate, the billable hours expended, and the particular services rendered (*cf. Ween v Dow*, 35 AD3d 58, 62 [2006]), and by establishing that the defendant duly approved such invoices and made a partial payment thereon (*see Landa v Sullivan*, 255 AD2d 295 [1998]). In opposition, the defendant failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.