■ In the Matter of PLAZA AT PATTERSON, LLC, et al., Appellants, v CLOVER LAKE HOLDINGS, INC., et al., Respondents. [856 NYS2d 877]—

In a proceeding for judicial dissolution of a corporation pursuant to Limited Liability Company Law § 702, the petitioners appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 2, 2007, which denied their motion to strike allegedly scandalous and prejudicial matter from paragraphs 70, 71, 104 through 110, and 115 of the respondents' verified answer and counterclaims.

Ordered that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701 [c]; *Mayer v 486 Assoc., Inc.*, 35 AD3d 404 [2006]; *Landa v Dratch*, 45 AD3d 646, 647 [2007]; *Kinkela v Incorporated Vil. of Mineola*, 306 AD2d 382 [2003]); and it is further,

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the scandalous and prejudicial matter is stricken from paragraphs 70, 71, 104 through 110, and 115 of the respondents' verified answer and counterclaims.

The respondents have incorporated in their verified answer and counterclaims references to collateral matters relative to the petitioners' corporate principals that are unrelated to the instant litigation. These matters should be stricken from the respondents' verified answer and counterclaims as both unnecessary to the viability of their counterclaims, and as prejudicial to the petitioners (see *Soumayah v Minnelli*, 41 AD3d 390, 393 [2007]; *Van Caloen v Poglinco*, 214 AD2d 555, 557 [1995]; *JC Mfg. v NPI Elec.*, 178 AD2d 505, 506 [1991]; *Wegman v Dairylea Coop.*, 50 AD2d 108, 111-112 [1975]; *Schachter v Massachusetts Protective Assn.*, 30 AD2d 540 [1968]). Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.