■ Local 798 Realty Corp., Respondent, v 152 West Condominium et al., Defendants, and 152 Union Realty, Inc., et al., Appellants. [866 NYS2d 51]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered on or about August 3, 2007, which granted plaintiff's motion for partial summary judgment, inter alia, dismissing defendants' second and third counterclaims and declaring all contracts of sale and lease between the parties void, unanimously affirmed, with costs.

Plaintiff, a realty holding corporation owned by Local 798, a labor union, established that although defendant Vincent Callaghan, its assistant secretary and a business representative for Local 798, lacked the authority to enter into any leases or contracts of sale, he participated in a scheme to defraud plaintiff of its assets by converting a commercial building it owns into a condominium and selling or leasing the units to his brother, defendant Richard Callaghan, and defendant Maureen McGuckin, Richard's live-in companion and the owner of defendants 152 Union Realty, Inc., and Low's Express, LLC. The attempted conversion never took place, it having become known that Vincent Callaghan had made numerous false representations in the "affidavit of owner" and "affidavit of tenants" included in the submission to the Attorney General for approval of a condominium declaration. Vincent Callaghan eventually pleaded guilty to the class E felonies of falsifying business records in the first degree and offering a false instrument for filing in the first degree. Under the circumstances, the motion court correctly concluded that all the alleged leases and contracts of sale between the parties are null and void (*see* 37 AD3d 239, 240 [2007]).

The court correctly dismissed defendants' second counterclaim for quantum meruit, since plaintiff never sought, or agreed to accept, the work that defendants were performing on the property, and the services were rendered strictly to benefit defendants (*see Soumayah v Minnelli*, 41 AD3d 390, 391 [2007]). The court correctly dismissed defendants' third counterclaim for unjust enrichment, since defendants failed to demonstrate either that plaintiff was enriched at their expense or that "it is against equity and good conscience" to permit plaintiff to retain the benefit of the renovation work that was undertaken in connection with an attempt to defraud it of its assets (*see Sperry v Crompton Corp.*, 8 NY3d 204, 215 [2007] [internal quotation marks and citation omitted]).

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Gonzalez, Williams, Moskowitz and Freedman, JJ.