■ LOUISE KINZER et al., Respondents, v ROSS BEDERMAN et al., Appellants. [873 NYS2d 692]—

In an action, inter alia, to recover damages for dental malpractice, etc., the defendants appeal, in part by permission, from an order of the Supreme Court, Nassau County (Mahon, J.), entered June 2, 2008, which denied their motion pursuant to CPLR 3024 (b) to strike scandalous and prejudicial language from the complaint, and granted the plaintiffs' cross motion pursuant to CPLR 3025 (b) for leave to amend the complaint to add a demand for punitive damages.

Ordered that the order is reversed, on the law, with costs, the defendants' motion to strike scandalous and prejudicial language from the complaint is granted, and the plaintiffs' cross motion for leave to serve an amended complaint is denied.

Leave to amend a complaint is to be freely granted, provided that the proposed amendment does not prejudice or surprise the defendant, is not patently devoid of merit, and is not palpably insufficient (*see* CPLR 3025 [b]; *Shovak v Long Is. Commercial Bank,* 50 AD3d 1118, 1120 [2008]; *Lucido v Mancuso,* 49 AD3d 220, 229 [2008]; *Pellegrini v Richmond County Ambulance Serv., Inc.,* 48 AD3d 436 [2008]). Punitive damages are recoverable in a dental malpractice action only where the defendant's conduct evinces "a high degree of moral culpability [or constitutes] willful or wanton negligence or recklessness" (*Hill v 2016 Realty Assoc.,* 42 AD3d 432, 433 [2007] [internal quotation marks omitted]; *see Morrell v Gorenkoff,* 278 AD2d 210 [2000]; *Lee v Health Force,* 268 AD2d 564 [2000]; *Rey v Park View Nursing Home,* 262 AD2d 624, 627 [1999]). The plaintiffs' proposed amendment was palpably insufficient as a matter of law to show such conduct (*see Hill v 2016 Realty Assoc.,* 42 AD3d at 433). Accordingly, the plaintiffs' cross motion for leave to amend the complaint to add a demand for punitive damages should have been denied (*cf. Van Caloen v Poglinco,* 214 AD2d 555 [1995]).

The defendants' motion to strike scandalous and prejudicial language from the complaint should have been granted as the subject language is irrelevant to the viability of a dental malpractice cause of action and prejudicial to the defendants (*see Matter of Plaza at Patterson, LLC v Clover Lake Holdings, Inc.,* 51 AD3d 931 [2008]; *Van Caloen v Poglinco,* 214 AD2d at 557; *JC Mfg. v NPI Elec.,* 178 AD2d 505 [1991]). Fisher, J.P., Covello, Balkin and Belen, JJ., concur.