■ JAY LANDA, Respondent, v LYNN BLOCKER, Appellant. [928 NYS2d 779]—

Ordered that, upon reargument, the decision and order of this Court dated January 11, 2011 (*Landa v Blocker*, 80 AD3d 570 [2011]), is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover on an account stated, in which the defendant counterclaimed, among other things, to recover damages for legal malpractice, the defendant appeals (1)

from an order of the Supreme Court, Nassau County (Murphy, J.), dated April 13, 2009, which granted the plaintiff's motion for summary judgment on the first cause of action of the amended complaint and to strike her affirmative defenses, granted that branch of the plaintiff's separate motion which was for summary judgment dismissing her counterclaims, and denied her cross motion for summary judgment dismissing the amended complaint, (2) from a judgment of the same court dated May 13, 2009, which, upon the order dated April 13, 2009, is in favor of the plaintiff and against her in the principal sum of $193,525.40 and dismissing the counterclaims, and (3), as limited by her brief, from so much of an order of the same court dated August 17, 2009, as denied that branch of her motion which was for leave to renew her cross motion and her opposition to the plaintiff's motions. Application by the defendant for leave to appeal to the Court of Appeals, in the event that the judgment and the orders are affirmed.

Ordered that the appeal from the order dated April 13, 2009, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated August 17, 2009, as denied that branch of the defendant's motion which was for leave to renew her cross motion and her opposition to the plaintiff's motion for summary judgment on the first cause of action of the amended complaint and to strike her affirmative defenses is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the judgment; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof awarding the plaintiff the principal sum of $193,525.40; as so modified, the judgment is affirmed, without costs or disbursements, those branches of the plaintiff's motion which were for summary judgment on the first cause of action of the amended complaint and to strike the eighth affirmative defense are denied, and the order dated April 13, 2009, is modified accordingly; and it is further,

Ordered that the order dated August 17, 2009, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the application is denied.

The appeal from the order dated April 13, 2009, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff, an attorney, was retained by the defendant to represent her in a matrimonial action, which concluded in a judgment of divorce resolving the issues of equitable distribution, maintenance, custody, and child support. The plaintiff commenced this action, inter alia, to recover the legal fees charged in the matrimonial action based on the theory of an account stated. The defendant, among other things, asserted a counterclaim to recover damages for legal malpractice.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the amended complaint, but it should also have denied that branch of the plaintiff's motion which was for summary judgment on the first cause of action to recover on an account stated.

The plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the first cause of action by tendering invoices for services rendered prior to December 5, 2006, setting forth his hourly rate, the billable hours expended, and the particular services rendered, and establishing that the defendant signed such invoices, failed to timely object to the invoices, and made partial payments thereon (*see Landa v Dratch*, 45 AD3d 646, 648 [2007]; *Landa v Sullivan*, 255 AD2d 295 [1998]). In opposition, however, the defendant submitted her own affidavit, which was sufficient to raise a triable issue of fact as to whether she acquiesced in the correctness of the invoices (*see Interman Indus. Prods. v R. S. M. Electron Power*, 37 NY2d 151, 153-154 [1975]; *Rodkinson v Haecker*, 248 NY 480, 485 [1928]). The defendant asserted in her affidavit that she signed the invoices as "approved," not because she actually agreed that the amounts reflected therein were correct, but because she was told that no work would be done on her case unless she signed the invoices. For example, the defendant averred that, during a conference at the plaintiff's office, the plaintiff produced a number of unsigned billing statements and told the defendant that "the conference was not going to proceed until [she] signed the billing statements." According to the defendant, she signed the billing statements, but "[t]here was no intent on [her] part to accept the billing so that it could never, ever, be challenged in the future."

We note that the plaintiff's alleged refusal to proceed with his representation of the defendant unless the defendant signed the billing statements "would not constitute duress by reason of which [the defendant] would be entitled to have the written statement invalidated" (*Miller v Storer*, 1 AD2d 956 [1956], *affd* 2 NY2d 815 [1957]). Here, however, the defendant does not seek to invalidate or repudiate either the billing statements or the

retainer agreement between the parties. Indeed, unlike the client in Miller, the defendant in this case has not asserted a counterclaim for rescission of any agreement between the parties. Rather, the defendant seeks only to defeat that branch of the plaintiff's motion which was for summary judgment on his cause of action to recover on an account stated by raising a triable issue of fact as to whether she agreed to or acquiesced in the correctness of the invoices. The facts asserted in the defendant's affidavit are sufficient to raise a triable issue of fact as to whether her acts of signing the invoices "were, in fact, acquiescence to their correctness" (*Ween v Dow*, 35 AD3d 58, 62 [2006]).

The Supreme Court also improperly granted that branch of the plaintiff's motion which was to strike the eighth affirmative defense alleging that the fees in question were excessive. The plaintiff failed to meet his prima facie burden of establishing his entitlement to judgment as a matter of law in connection with this affirmative defense (*see Bomba v Silberfein*, 238 AD2d 261 [1997]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was to strike the eighth affirmative defense alleging that the fees in question were excessive, without regard to the sufficiency of the defendant's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court properly granted that branch of the plaintiff's separate motion which was for summary judgment dismissing the defendant's counterclaims, among other things, to recover damages for legal malpractice. Although an attorney's affirmation may serve as an expert opinion establishing "[a] basis for judging the adequacy of professional service" (*Zasso v Maher*, 226 AD2d 366, 367 [1996]), here, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the attorney's affirmation submitted by the defendant was insufficient to raise a triable issue of fact as to whether the plaintiff was negligent in his representation of her in the underlying matrimonial action (*see Scartozzi v Potruch*, 72 AD3d 787, 788-789 [2010]). Moreover, in opposition to the plaintiff's prima facie showing, the defendant failed to raise triable issues of fact with respect to her other counterclaims.

The parties' remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Angiolillo, Hall and Lott, JJ., concur.