■ Patrice James Irving, as Administrator of the Estate of Maureen Malcolm, Deceased, Appellant, v Four Seasons Nursing and Rehabilitation Center et al., Respondents, et al., Defendant. [995 NYS2d 183]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated April 25, 2013, as denied those branches of her motion which were to vacate a preliminary conference order of the same court dated December 20, 2012, or, alternatively, to modify that order to delete the portion of paragraph v thereof, which directed the plaintiff to remove the "recklessness/

reckless, intentional and malicious conduct, gross negligence, blatantly illegal conduct/illegal conduct" language from her bill of particulars within 45 days.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was to modify the preliminary conference order dated December 20, 2012, to remove the portion of paragraph v thereof, which directed the plaintiff to remove the "recklessness/reckless, intentional and malicious conduct, gross negligence, blatantly illegal conduct/illegal conduct" language from her bill of particulars within 45 days, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff, and the preliminary conference order dated December 20, 2012, is modified accordingly.

The complaint asserted causes of action to recover damages for, inter alia, personal injuries, human rights violations, intentional infliction of emotional distress, and medical malpractice with respect to the care that the plaintiff's decedent received at the respondent nursing home, Four Seasons Nursing and Rehabilitation Center (hereinafter Four Seasons). Included in these causes of action are alleged violations of Public Health Law § 2801-d and Administrative Code of the City of New York § 8-502 (a). The complaint also seeks punitive damages.

On December 20, 2012, the parties appeared for a preliminary conference in the Supreme Court. Counsel for Four Seasons and Parkshore Health Care, LLC (hereinafter together the respondents), made an oral application, in effect, pursuant to CPLR 3024, to strike certain language from the plaintiff's bill of particulars. The plaintiff opposed the application. The court granted the respondents' request, and directed the plaintiff to remove allegations that the respondents engaged in "recklessness/reckless, intentional and malicious conduct, gross negligence, blatantly illegal conduct/illegal conduct" (hereinafter the subject language) from her bill of particulars within 45 days. This directive appeared in paragraph v of the preliminary conference order (hereinafter the PCO).

Thereafter, the plaintiff moved to vacate the PCO, or alternatively, to modify the PCO to delete the directive from paragraph v thereof requiring the removal of the subject language from the plaintiff's bill of particulars. In the order appealed from, the Supreme Court denied these branches of the plaintiff's motion.

CPLR 3024 (b) provides that "[a] party may move to strike any scandalous or prejudicial matter unnecessarily inserted in a

pleading." This rule is applicable to bills of particulars as well (*see Aronis v TLC Vision Ctrs., Inc.*, 49 AD3d 576, 578 [2008]). In reviewing a motion pursuant to CPLR 3024 (b), "the inquiry is whether the purportedly scandalous or prejudicial allegations are relevant to a cause of action" (*Soumayah v Minnelli*, 41 AD3d 390, 392 [2007]; *see Wegman v Dairylea Coop.*, 50 AD2d 108, 111 [1975]). Matters that are unnecessary to the viability of the cause of action and would cause undue prejudice to the defendants should be stricken from the pleading or bill of particulars (*see Kinzer v Bederman*, 59 AD3d 496, 497 [2009]; *Matter of Plaza at Patterson, LLC v Clover Lake Holdings, Inc.*, 51 AD3d 931, 932 [2008]; *Aronis v TLC Vision Ctrs., Inc.*, 49 AD3d 576, 578 [2008]; *Van Caloen v Poglinco*, 214 AD2d 555, 557 [1995]; *JC Mfg. v NPI Elec.*, 178 AD2d 505, 506 [1991]).

The causes of action asserted by the plaintiff in the complaint demonstrate that the subject language was relevant to this matter, and necessary to support the pleading based on the punitive damages sought. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was to modify the PCO to delete the directive in the PCO requiring the removal of the subject language from the plaintiff's bill of particulars. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.