Burkhart v People, Inc. (2019 NY Slip Op 01036)





Burkhart v People, Inc.


2019 NY Slip Op 01036


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1327 CA 18-01020

[*1]NANCY BURKHART, AS ADMINISTRATOR OF THE ESTATE OF BRIAN BURKHART, DECEASED, PLAINTIFF-APPELLANT,
v
PEOPLE, INC., ELISA SMITH, KATELYNNE COLEMAN, AMY MAZURKIEWICZ, DEFENDANTS-RESPONDENTS, LUCIAN VISONE, AND LAKEFRONT CONSTRUCTION, INC., DEFENDANTS. 






CONNORS LLP, BUFFALO (JOSEPH D. MORATH, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
GOLDBERG SEGALLA LLP, BUFFALO (MICHAEL E. APPELBAUM OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered February 2, 2018. The order, insofar as appealed from, granted those parts of the motion of defendants People, Inc., Elisa Smith, Katelynne Coleman and Amy Mazurkiewicz seeking partial summary judgment dismissing plaintiff's claim for punitive damages and seeking to strike certain allegations from the bill of particulars. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action on behalf of her brother, Brian Burkhart (decedent), a developmentally disabled individual who resided in a group home owned and operated by defendant People, Inc. (People), seeking damages for injuries sustained by decedent that were allegedly caused by, inter alia, the negligence of People and three of its employees, defendant Elisa Smith, defendant Katelynne Coleman and defendant Amy Mazurkiewicz (collectively, defendants). The complaint alleges two instances of negligence involving People and its employees. The first instance relates to the allegedly inadequate response of Smith and Mazurkiewicz to seizures suffered by decedent on January 12, 2008. The second instance relates to an incident on January 17, 2008 in which decedent, on an outing at a local movie theater under the supervision of Coleman, was allowed to wander from the theater and onto a busy nearby roadway, where he was struck by a vehicle driven by defendant Lucian Visone and owned by defendant Lakefront Construction, Inc. Decedent allegedly suffered serious injuries as a result of that accident. Decedent subsequently passed away in 2015, and there is no indication in the record that plaintiff has sought leave to amend the complaint to include a cause of action for wrongful death.
Defendants moved for, inter alia, summary judgment dismissing plaintiff's claim for punitive damages against them. We conclude that, contrary to plaintiff's contention, Supreme Court properly granted that branch of defendants' motion. "[T]he standard for imposing punitive damages is a strict one and punitive damages will be awarded only in exceptional cases" (Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013], rearg denied 21 NY3d 976 [2013]; see Sample v Yokel, 94 AD3d 1413, 1416 [4th Dept 2012]). In this case, the alleged misconduct on the part of defendants that plaintiff contends warrant punitive damages is either unrelated to the injuries sustained by decedent (see DeLeo v County of Monroe, 130 AD3d 1549, 1551 [4th Dept 2015]; Hale v Saltamacchia, 28 AD3d 715, 715 [2d Dept 2006]; O'Connor v Kuzmicki, 14 AD3d 498, 499 [2d Dept 2005]), or does not manifest the requisite spite, malice, improper motive, or conscious and deliberate disregard for the interests of others to justify an award of [*2]punitive damages (see Marinaccio, 20 NY3d at 511; Dupree v Giugliano, 20 NY3d 921, 924 [2012], rearg denied 20 NY3d 1045 [2013]).
In light of our determination, we reject plaintiff's contention that the court erred in granting, in part, that aspect of defendants' motion to strike various allegations in plaintiff's bill of particulars, inasmuch as those allegations were relevant only to her claim for punitive damages (see Irving v Four Seasons Nursing & Rehabilitation Ctr., 121 AD3d 1046, 1048 [2d Dept 2014]; Aronis v TLC Vision Ctrs., Inc., 49 AD3d 576, 578 [2d Dept 2008]; Van Caloen v Poglinco, 214 AD2d 555, 557 [2d Dept 1995]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court