■ PATRICIA DODD et al., Appellants, v JEFFREY WARREN, Defendant, and TOWN OF HEMPSTEAD, Respondent.

On March 31, 1982, the plaintiffs, husband and wife, were struck by a vehicle driven by defendant Jeffrey Warren as they attempted to cross Hempstead Turnpike on foot. Thereafter, on or about June 29, 1982, plaintiffs served a timely notice of claim by mail upon the Town of Hempstead, apprising it of the place of the accident and that both plaintiffs suffered personal injuries, and claiming that the accident was caused by negligent control of traffic at the intersection where the accident occurred. Subsequently, plaintiffs served a complaint setting forth four causes of action — one on behalf of each plaintiff for personal injuries, and one on behalf of each plaintiff for the loss of the services and consortium occasioned by the injuries sustained by the other. The town joined issue by service of an answer which asserted, *inter alia,* as a fifth affirmative defense, the plaintiffs' failure to set forth their derivative causes of action in their notice of claim. Thereupon, plaintiffs moved for an order requiring the town to

disregard their good-faith omission from the notice of claim or, alternatively, for leave to amend the notice of claim so as to include the assertion of the derivative causes of action (General Municipal Law § 50-e [6]). The town cross-moved for an order granting summary judgment in its favor dismissing the two derivative causes of action.

Special Term, treating plaintiffs' motion as one for leave to serve a late notice of claim (General Municipal Law § 50-e [5]), rather than one for leave to supply an omission (General Municipal Law § 50-e [6]), concluded that the relief sought was time-barred since the application was not made until after the expiration of the Statute of Limitations for commencement of the action against the town. We disagree with Special Term.

Plaintiffs' motion was properly one for amendment of the notice of claim so as to supply an omission (General Municipal Law § 50-e [6]). The proposed amendment sought to add derivative causes of action predicated upon the same facts which had already been included in plaintiffs' notice of claim and of which the town had been duly and timely notified. Under the circumstances of this case, since there can be no possible prejudice to the town, the motion to amend the notice of claim should have been granted (*see,* General Municipal Law § 50-e [6]; *Cruz v City of New York,* 95 AD2d 790; *Matter of Shaw v Clarkstown Cent. School Dist.,* 63 AD2d 733; *Matter of Charlemagne v City of New York,* 277 App Div 689, 691, *affd* 302 NY 871). That being the case, the cross motion of the town must be denied. Gibbons, J. P., Weinstein, Brown and Niehoff, JJ., concur.