OPINION OF THE COURT
Emily Jane Goodman, J.
Petitioners Marie Ange Lalanne and Fritz Gerald Lalanne move for an order allowing petitioner Marie Lalanne to *942 amend her notice of claim for personal injuries against the New York City Transit Authority (City) to reflect that the accident in which she was involved occurred at a staircase and not an escalator at the Broadway Lafayette subway station and to add her husband Fritz Gerald Lalanne as a party.
The City consents to the amendment concerning the staircase, but opposes adding Mr. Lalanne on the grounds that his time to file a notice of claim has expired.
General Municipal Law § 50-e (6) permits the court to order the amendment of a notice of claim due to mistake, omission, irregularity or defect, provided that there is no prejudice suffered by the municipality. The respondent does not claim prejudice, but rather claims that the amendment to add Mr. Lalanne’s claim actually constitutes a new claim and not an amendment to the old claim.
Petitioner’s motion is one for amendment of the notice of claim to correct an omission. The proposed amendment seeks to add a derivative cause of action predicated upon the same facts which have already been included in Mrs. Lalanne’s notice of claim and of which the City has been duly and timely notified. Since there can be no possible prejudice to the City, the motion to amend the notice of claim is granted. (See, D’Alessandro v New York City Tr. Auth., 83 NY2d 891 [1994] [court has discretion to correct omission from notice of claim, provided it appears that the municipality is not prejudiced].)
Similarly, in Dodd v Warren (110 AD2d 807), the plaintiffs, husband and wife, filed a notice of claim that did not include derivative causes of action. Their motion to amend the notice to include the derivative claims was denied by the trial court but granted by the Appellate Division, which found that the statute permits an amendment to correct an omission as long as there is no prejudice to the municipality. Although the procedural posture of these two cases is slightly different, the substance is the same. In each of these cases the municipality had notice of the underlying facts and lacked notice of the derivative claims only.
Accordingly, petitioner’s motion to amend her notice of claim to change the term "escalator” to "stairway” as well as to add a claim on behalf of her spouse for loss of services is hereby granted.