■ FRANCES BURGARELLA et al., Respondents, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [697 NYS2d 68] —In an action to recover damages for personal injuries, etc., the defendant New York City Transit Authority appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated June 11, 1998, which denied its motion to dismiss so much of the complaint as asserted claims on behalf of the plaintiff Stefano Burgarella on the ground that he failed to serve a timely notice of claim, and granted the plaintiffs' cross motion for leave to amend the notice of claim served by the plaintiff Frances Burgarella so as to include a claim on behalf of Stefano Burgarella.

Ordered that the order is affirmed, with costs.

The plaintiff Frances Burgarella was allegedly injured when

she tripped and fell on a sidewalk near the entrance to a subway station. She thereafter served a timely notice of claim on the defendant New York City Transit Authority (hereinafter Transit Authority) (see, General Municipal Law § 50-e; Public Authorities Law § 1212). However, the complaint also asserted claims for loss of consortium and medical expenses on behalf of the plaintiff Stefano Burgarella. After issue was joined, the Transit Authority moved to dismiss the husband's derivative claims on the ground that he had not served a timely notice of claim. The plaintiffs cross-moved to amend the notice of claim served by Frances Burgarella to include those claims. In the order appealed from, the Supreme Court denied the appellant's motion and granted the plaintiffs' cross motion. We affirm.

This Court has previously decided, in virtually identical circumstances, that, in the absence of prejudice, it is not an improvident exercise of discretion to grant leave to amend a notice of claim to assert derivative claims predicated upon the same facts already included in the notice of claim (see, Dodd v Warren, 110 AD2d 807). In Dodd v Warren (supra), as here, the notice of claim did not expressly assert the existence of derivative claims, nor did it reveal the marital status of the claimant. Accordingly, for the reasons expressed in Dodd v Warren (supra), the Supreme Court here did not improvidently exercise its discretion in permitting the plaintiffs to amend the notice of claim (see also, General Municipal Law § 50-e [6]). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.