■ Uadi, Inc., Appellant, v Sam Stern et al., Respondents. [888 NYS2d 413]—In an action to recover damages for tortious interference with a real estate contract, and for specific perfor-

mance of that contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ambrosio, J.), dated June 2, 2008, as granted those branches of the cross motion of the defendants Sam Stern and Ari Kirschenbaum which were for summary judgment dismissing the complaint insofar as asserted against Sam Stern and pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against Ari Kirschenbaum for lack of personal jurisdiction, and denied that branch of its cross motion which was for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the cross motion of the defendants Sam Stern and Ari Kirschenbaum (hereinafter together the defendants) which was for summary judgment dismissing the complaint insofar as asserted against Stern.

The defendants sustained their prima facie burden by offering sufficient evidentiary proof to demonstrate the absence of any triable issue of fact with respect to the plaintiff's claims against Stern, including the claim for specific performance of a real estate contract (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). In opposition, the plaintiff failed to raise a triable issue of fact.

The court also properly granted that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against Kirschenbaum for lack of personal jurisdiction because the plaintiff failed to serve him in accordance with the requirement of CPLR 308 (2) (*see Munoz v Reyes*, 40 AD3d 1059 [2007]; *Welch v State of New York*, 261 AD2d 537, 538 [1999]).

Regarding that branch of the plaintiff's cross motion which was for leave to amend its complaint, leave to amend should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise, and is patently devoid of merit (*see Kinzer v Bederman*, 59 AD3d 496, 497 [2009]; *Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424, 426 [2009]). The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's cross motion, since the proposed amendments were patently devoid of merit on their face (*see Rudden v Bernstein*, 61 AD3d 736, 739 [2009]; *Scofield v DeGroodt*, 54 AD3d 1017, 1018 [2008]).

The plaintiff's remaining contentions are without merit. Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.