■ ANDREA MARTIN et al., Respondents, v VILLAGE OF FREE-PORT, Appellant, et al., Defendants. [896 NYS2d 175]—

In an action to recover damages for personal injuries, etc., the defendant Village of Freeport appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Palmieri, J.), entered November 25, 2008, as granted that branch of the motion of the plaintiff Andrea Martin, as guardian of Antoinette M., an incapacitated person, which was for leave to amend the complaint to assert a derivative claim against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the plaintiff Andrea Martin, as guardian of Antoinette M., an incapacitated person, which was for leave to amend the complaint to assert a derivative claim against the appellant is denied.

Although leave to amend a complaint should be freely given (*see* CPLR 3025 [b]), a court should deny a motion for leave to amend a complaint if the proposed amendment is palpably insufficient, would prejudice or surprise the defendant, or is patently devoid of merit (*see Uadi, Inc. v Stern*, 67 AD3d 899 [2009]). Here, the plaintiff, Andrea Martin, as guardian of her daughter Antoinette M., an incapacitated person (hereinafter the plaintiff), sought leave to amend the complaint to include, inter alia, a derivative claim. Although the plaintiff was granted leave to serve a late notice of claim upon the appellant, the notice of claim she served upon the appellant did not include a derivative claim (*see* General Municipal Law § 50-e [1] [a]; § 50-i [1] [a]). In addition, the plaintiff never sought leave to amend that notice of claim to include a derivative claim (*see* General Munici-

pal Law § 50-e [6]; *cf. Lopes v Metropolitan Tr. Auth.*, 66 AD3d 744, 745 [2009]; *Burgarella v City of New York*, 265 AD2d 361, 362 [1999]; *Dodd v Warren*, 110 AD2d 807, 807-808 [1985]). Under these circumstances, the plaintiff was foreclosed from asserting a derivative claim against the appellant (*see Adam H. v County of Orange*, 66 AD3d 739, 740 [2009]). Consequently, her proposed amendment was palpably insufficient (*see Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929, 931 [2008]). Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for leave to amend the complaint to include a derivative claim against the appellant. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.