■ AMODIO RUSSO, Appellant, v LAPEER CONTRACTING CO., INC., et al., Respondents. [923 NYS2d 906]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), entered June 18, 2010, which denied his motion for leave to amend the complaint to add William N. Witherell as a party defendant and to add a cause of action against William N. Witherell to pierce the corporate veil.

Ordered that the order is affirmed, with costs.

The plaintiff moved pursuant to CPLR 3025 (b) and 2001 for leave to amend the complaint to add William N. Witherell as a party defendant and to add a cause of action against William N. Witherell to pierce the corporate veil as the sole cause of action asserted against him.

In the absence of significant prejudice or surprise to the opposing party, leave to amend a pleading should be freely given (*see* CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]), unless the proposed amendment is palpably insufficient or patently devoid of merit (*see Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *Martin v Village of Freeport*, 71 AD3d 745 [2010]; *Malanga v Chamberlain*, 71 AD3d 644, 646 [2010]; *Uadi, Inc. v Stern*, 67 AD3d 899 [2009]).

Since the proposed amendments were palpably insufficient to state a cause of action to pierce the corporate veil and were patently devoid of merit, the Supreme Court properly denied the plaintiff's motion (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775, 776 [2011]; *Yeshiva Ohr Torah Community School, Inc. v Zurich Am. Ins. Co.*, 78 AD3d 686, 689 [2010]; *DeLouise v S.K.I. Wholesale Beer Corp.*, 75 AD3d 489, 491 [2010]; *Tornheim v Blue & White Food Prods. Corp.*, 56 AD3d 761 [2008]).

The plaintiff's remaining contentions are without merit. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.