EAST HAMPTON UNION FREE SCHOOL DISTRICT, Appellant, v SANDPEBBLE BUILDERS, INC., et al., Respondents. [935 NYS2d 144]—

The plaintiff sought leave to amend the complaint to add allegations against the defendant Victor Canseco so as to impose personal liability against him under a theory of piercing the corporate veil. "In the absence of significant prejudice or surprise to the opposing party, leave to amend a pleading should be freely given, unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Russo v Lapeer Contr. Co., Inc.*, 84 AD3d 1344 [2011] [citations omitted]; *see* CPLR 3025 [b]). "A [party] seeking to pierce the corporate veil must demonstrate that a court in equity should intervene because the owners of the corporation exercised complete domination over it in the transaction at issue and, in doing so, abused the privilege of doing business in the corporate form, thereby perpetrating a wrong that resulted in injury to the plaintiff" (*East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 66 AD3d 122,

126 [2009], *affd* 16 NY3d 775 [2011]; *see Superior Transcribing Serv., LLC v Paul*, 72 AD3d 675, 676 [2010]).

Here, the plaintiff's proposed amendments were palpably insufficient to state a cause of action against Canseco under a theory of piercing the corporate veil, since the proposed amendments failed to adequately allege that Canseco abused the privilege of doing business in the corporate form relative to the transactions at issue, and in such a manner as to cause injury to the plaintiff (*see Matter of Morris v New York State Dept. of Taxation & Fin.*, 82 NY2d 135, 140-141 [1993]; *Matter of Town of Southampton v Chiodi*, 75 AD3d 604, 606 [2010]). Thus, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to amend the complaint (*see* CPLR 3025 [b]; *Russo v Lapeer Contr. Co., Inc.*, 84 AD3d 1344 [2011]).

The parties' remaining contentions are without merit. Skelos, J.P., Hall, Lott and Roman, JJ., concur.