[986 NE2d 903, 964 NYS2d 69]

Paul Marinaccio, Sr., Respondent, v Town of Clarence, Defendant, and Kieffer Enterprises, Inc., Appellant.

Argued February 5, 2013; decided March 21, 2013

## POINTS OF COUNSEL

*Phillips Lytle LLP*, Buffalo (*Michael B. Powers* and *Patricia A. Mancabelli* of counsel), for appellant. I. Plaintiff offered no proof of willful, wanton or malicious conduct by Kieffer Enterprises, Inc. (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603; *Laurie Marie M. v Jeffrey T.M.*, 159 AD2d 52, 77 NY2d 981; *Sharapata v Town of Islip*, 56 NY2d 332; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308; *Camillo v Geer*, 185 AD2d 192; *Prozeralik v Capital Cities Communications*, 82 NY2d 466; *Ross v Louise Wise Servs., Inc.*, 8 NY3d 478; *Nickerson v Te Winkle*, 161 AD2d 1123; *Garricks v City of New York*, 1 NY3d 22; *McCann v McCann*, 110 AD2d 1069.) II. The trial court's preclusion of the easement and the Appellate Division's holding that this preclusion was "irrelevant" constitute reversible error. (*Witter v Taggart*, 78 NY2d 234; *Green Bus Lines v Consolidated Mut. Ins. Co.*, 74 AD2d 136; *Nunn v GTE Sylvania*, 251 AD2d 1089; *Perry v Town of Geneva*, 64 AD3d 1225; *Matter of Siwek v Mahoney*, 39 NY2d 159; *Trefoil Capital Corp. v Creed Taylor, Inc.*, 121 AD2d 874; *Harbor Hills Landowners v Manelski*, 65 Misc 2d 682; *Prego v Gutchess*, 61 AD3d 1394.) III. The trial court's allowance of plaintiff's untruthful testimony and plaintiff's counsel's improper argument after the trial court ordered that no one mention the easement was reversible error. (*Matter of New York Diet Drug Litig.*, 47 AD3d 586; *Shouse v Lyons*, 4 AD3d 821; *Pizzi v Anzalone*, 261 AD2d 374; *Peterson v Melchiona*, 269 AD2d 375; *Bromberg v City of New York*, 25 AD2d 885.) IV. The trial court erroneously precluded the defense expert's damages testimony. (*Collins v Greater N.Y. Sav. Bank*, 194 AD2d 514; *Fine Ornaments v Esplanade Gardens*, 248 AD2d 287; *Bliss v Consolidated Edison Co. of N.Y., Inc.*, 28 Misc 3d 1215[A], 2010 NY Slip Op 51364[U]; *Williams v Way*, 289 AD2d 483; *Amherst Synagogue v Schuele Paint Co., Inc.*, 30 AD3d 1055; *Kane v Shapiro, Rosenbaum, Liebschutz, & Nelson, L.L.P.*,

57 AD3d 1513; *Petracca v Petracca*, 305 AD2d 568; *Baez v Sugrue*, 300 AD2d 519; *Law v Moskowitz*, 279 AD2d 844; *Gordon v Hancock*, 292 AD2d 858.) V. Instructing the jury to ignore proof of Kieffer Enterprises, Inc.'s reliance upon his engineers and sound engineering practices was error. (*Nickerson v Te Winkle*, 161 AD2d 1123; *Garricks v City of New York*, 1 NY3d 22; *McCann v McCann*, 110 AD2d 1069; *Liberty Drug Co. v Bell Maintenance Co.*, 16 AD2d 809; *Kerhonkson Lodge v State of New York*, 4 AD2d 575.) VI. The trial court erroneously directed the jury to disregard proof that plaintiff caused his own flooding. (*Mirand v City of New York*, 84 NY2d 44; *Finnegan v Brothman*, 270 AD2d 808; *Clark v City of Rochester*, 25 AD2d 713; *Nickerson v Te Winkle*, 161 AD2d 1123; *Levine v Abergel*, 127 AD2d 822; *Kiff v Youmans*, 86 NY 324.)

*Lipsitz Green Scime Cambria LLP*, Buffalo (*Joseph J. Manna* and *Kenneth E. Webster* of counsel), for respondent. I. The punitive damages award should be affirmed because it is supported by legally sufficient evidence under the charge that was read to the jury without Kieffer Enterprises, Inc.'s objection. (*Cohen v Hallmark Cards*, 45 NY2d 493; *Brown v Du Frey*, 1 NY2d 190; *Harris v Armstrong*, 64 NY2d 700; *Titlebaum v Loblaws, Inc.*, 75 AD2d 985.) II. The easement affirmative defense was properly precluded. (*Braman v Rochester Gas & Elec. Corp.*, 54 AD2d 174; *Keinz v Niagara Mohawk Power Corp.*, 41 AD2d 431; *Chlystun v Kent*, 185 AD2d 525; *Branower & Son, Inc. v Waldes*, 173 App Div 676; *Aikens Constr. of Rome v Simons*, 284 AD2d 946; *St. Lawrence Explosives Corp. v Law Bros. Contr. Corp.*, 170 AD2d 957; *Schoenborn v Kinderhill Corp.*, 98 AD2d 831; *Hawley v Travelers Indem. Co.*, 90 AD2d 684; *Halmar Distribs. v Approved Mfg. Corp.*, 49 AD2d 841; *Wrobleski v Wakefield Homes*, 46 AD2d 805.) III. No easement exists. IV. The belated easement defense would not have impacted the punitive damages verdict. (*Western N.Y. Land Conservancy, Inc. v Cullen*, 66 AD3d 1461.) V. There was no fraud. (*Baylis v Wood*, 246 App Div 779; *Matter of Selle [Lubin]*, 286 App Div 1058; *Leszczynski v Pennsylvania R.R. Co.*, 274 App Div 1003; *Griffin v Griffin*, 231 App Div 819; *Joyce v Katzberg*, 213 App Div 883; *Scholing v O'Conner*, 209 App Div 839; *Jamaica Estates v Smith*, 177 App Div 882; *Matter of Reynolds*, 23 AD2d 623.) VI. The court properly excluded the Town of Clarence's proposed expert. (*Matter of Daubman v Nassau County Civ. Serv. Commn.*, 195 AD2d 602; *Cahill v Harter*, 277 AD2d 655; *Puderbaugh v State Empls. Fed. Credit Union*, 276 AD2d 992; *Fleet Bank v Powerhouse Trading Corp.*, 267 AD2d 276; *Kadan v Volkswagen of Am.*, 111

AD2d 540; *Oram v Capone*, 206 AD2d 839; *Telaro v Telaro*, 25 NY2d 433; *Ryan v St. Francis Hosp.*, 62 AD3d 857; *Marwin v Top Notch Constr. Corp.*, 50 AD3d 977; *Lucian v Schwartz*, 55 AD3d 687.) VII. Kieffer Enterprises, Inc.'s objections are waived and unpreserved because it did not object to the court's instruction to the jury. (*Beltz v City of Buffalo*, 61 NY2d 698; *Brown v Concord Nurseries, Inc.*, 53 AD3d 1067; *Fitzpatrick & Weller, Inc. v Miller*, 21 AD3d 1374; *Harris v Armstrong*, 64 NY2d 700; *Kerhonkson Lodge v State of New York*, 4 AD2d 575; *Noonan v City of Albany*, 79 NY 470; *Keller v State of New York*, 19 Misc 2d 794; *Holmes v State of New York*, 32 Misc 2d 1077.)

## OPINION OF THE COURT

Chief Judge LIPPMAN.

The question presented by this case is whether the evidence was sufficient to find defendant liable for punitive damages for intentional diversion of storm water onto plaintiff's property, which caused extensive damage to his land, constituting the torts of trespass and nuisance. We find that although the injury was considerable and the tortious acts undeniably intentional, the evidence in this case was insufficient for an award of punitive damages.

Plaintiff Paul Marinaccio and defendant Kieffer Enterprises, Inc. (KEI) are adjoining landowners in the Town of Clarence, Erie County (Town). KEI was a small residential real estate company, operated by 82-year-old Bernard Kieffer. KEI sought to develop the second and third phases of a residential subdivision on his land called "Lexington Woods" and began the process of planning. KEI submitted a plan to the Town for its approval. The approved plan required that water from the west side of the development would flow into a storm sewer and then into a ditch, which was to create a mitigation pond on the northeast section of Lexington Woods. According to the Town Engineer, the ditch was on KEI's property. But as the Town later discovered, this ditch was actually located on plaintiff's property, and it was used without plaintiff's permission.

KEI also should have known that this ditch did not have the capacity to contain the large amount of water that KEI diverted. Worse, KEI's design of the mitigation pond bordering plaintiff's property, the purpose of which was to retain water and prevent it from discharging downstream, was insufficient in size to handle the flow of water from the surrounding area. To address the problem, KEI installed two drainage pipes and routed the

quickly rising water into an abandoned farmer's furrow located on plaintiff's land, again, without plaintiff's permission, resulting in over 30 acres of flooded wetland.

This newly created wetland caused mosquitos to breed and frogs to gather on plaintiff's property, about which plaintiff is particularly phobic. Consequently, plaintiff had problems traversing his property without the assistance of his family and friends, whom plaintiff would often call on to remove frogs from his driveway and near the door of his home.

Plaintiff personally contacted Bernard Kieffer about the flooding, but was told that the flooding was "[not] his problem." Plaintiff's counsel also sent a letter to Mr. Kieffer, demanding assistance cleaning up the flooding, to which he received no response. However, according to KEI, plaintiff refused to allow the Town to clean out the ditch on his property, which would have significantly alleviated the flooding by allowing water to move through it more easily. In fact, when the Town arrived to clean the ditch, plaintiff became enraged and would not allow the Highway Superintendent, or any of the Town's workers to enter his property. Thereafter, the Town Engineer met with plaintiff to discuss the Town's assistance with other remedial efforts, but according to the Town and KEI, plaintiff again became enraged and ordered him to leave. The Town admittedly made no further efforts to clean the ditch.

Plaintiff commenced this action against KEI and the Town alleging, among other things, trespass and nuisance and seeking money damages for alleged intentional diversion of water onto his property. KEI moved, at the close of proof, to dismiss the punitive damages claim against it based on insufficiency of the evidence. The trial court denied that motion. The jury returned a verdict of $1,313,600 for plaintiff against the Town for compensatory damages. The jury also awarded plaintiff $328,400 in compensatory damages and $250,000 in punitive damages against KEI.

Following the denial of KEI's and the Town's posttrial motions, the parties settled all but the punitive damages claim. KEI appealed that part of Supreme Court's judgment against it which awarded $250,000 in punitive damages plus interest. The Appellate Division affirmed (90 AD3d 1599 [4th Dept 2011]). The majority characterized KEI's argument as "a contention that the award of punitive damages is not supported by legally sufficient evidence" (*id.* at 1600) and concluded that a valid line

of reasoning did exist to support "the jury's conclusion that KEI's conduct was sufficiently egregious to warrant an award of punitive damages" (*id.*).

Two Justices dissented on the basis that "insufficient evidence [existed] in this record that KEI was motivated by maliciousness or vindictiveness or that KEI engaged in such 'outrageous or oppressive intentional misconduct' to warrant a punitive damages award" (*id.* at 1604). For the reasons expressed below, we now vacate the award of punitive damages.

Because the standard for imposing punitive damages is a strict one and punitive damages will be awarded only in exceptional cases, the conduct justifying such an award must manifest "spite or malice, or a fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called wilful or wanton" (*Dupree v Giugliano*, 20 NY3d 921, 924 [2012] [citation and internal quotation marks omitted]). As conceded by plaintiff, the trial court correctly charged the jury that punitive damages may only be awarded if defendant's acts were, "wanton and reckless or malicious. Punitive damages may be awarded for conduct that represents a high degree of immorality and shows such wanton dishonesty as to imply a criminal indifference to civil obligations."

Plaintiff argues that KEI willfully and wantonly caused danger to the health, safety and welfare of the public because of the flooding. But the intent plaintiff would impute to KEI's actions cannot find support in the record. The facts in evidence do not demonstrate that KEI's actions "impl[ied] a criminal indifference to civil obligations." Defendant complied with all federal, state and local planning and development laws and regulations, and worked closely with the US Army Corps of Engineers, the Town Engineer and the Town Planner to secure all required permits and approvals; it hired a wetlands expert, an engineering expert, and soil expert to assist in those regards. Clearly, those measures were ultimately unsuccessful in preventing damage to surrounding property. However, this planning, if not indicative of good faith, at least shows that KEI's actions could not be considered "wanton and reckless or malicious."

Certainly the Town and KEI's dealings with plaintiff and his property were not ideal, and both defendants have been held liable for compensatory damages for their transgressions. Defendants knew that overflow would be a problem along the

furrow bordering plaintiff's property, and the Town told KEI that it would contact plaintiff regarding an easement along his west property line. Although it is undisputed that the Town did not obtain plaintiff's permission to allow water to flow onto his property, it does not follow that the acts resulting in overflow onto plaintiff's property were undertaken with the requisite malice or gross indifference. KEI failed to ensure that the Town followed through with its plan to obtain an easement, so that they were liable in nuisance and trespass, but "[s]omething more than the mere commission of a tort is always required for punitive damages" (*Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479 [1993] [internal quotation marks and citation omitted]). Punitive damages are permitted only when a defendant purposefully causes, or is grossly indifferent to causing, injury and defendant's behavior cannot be said to be merely volitional; an unmotivated, unintentional or even accidental result of a legally intentional act cannot, alone, qualify (*see Hartford Acc. & Indem. Co. v Village of Hempstead*, 48 NY2d 218, 227-228 [1979]). Punitive damages are awarded to punish and deter behavior involving moral turpitude (*see Ross v Louise Wise Servs., Inc.*, 8 NY3d 478, 489 [2007]). Here, KEI's behavior does not rise to that level.

Accordingly, the order of the Appellate Division should be reversed, with costs, and that part of the judgment awarding punitive damages vacated.

Judges GRAFFEO, READ, SMITH and PIGOTT concur; Judge RIVERA taking no part.

Order reversed, with costs, and that part of the judgment awarding punitive damages vacated.