In an action, inter alia, to recover damages for false arrest, *647 battery, and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated May 16, 2012, which granted the cross motion of the defendants, City of New York and New York City Police Department, for summary judgment dismissing the plaintiffs cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the defendant City of New York, and denied that branch of her motion which was for leave to amend her complaint to further amplify her cause of action pursuant to 42 USC § 1983.
Ordered that the order is affirmed, with costs.
Contrary to the plaintiffs contentions, the Supreme Court properly granted the cross motion of the defendants, City of New York and New York City Police Department, for summary judgment dismissing the cause of action to recover damages for civil rights violations pursuant to 42 USC § 1983 insofar as asserted against the defendant City of New York. In opposition to the defendants’ prima facie showing of entitlement to judgment as a matter of law, the plaintiff produced no evidentiary support for her claim that the acts which allegedly deprived her of her constitutional rights were performed pursuant to an express or implied policy or custom of the City, and thus failed to raise a triable issue of fact (see e.g. Rodgers v City of New York, 106 AD3d 1068 [2013]; Holland v City of Poughkeepsie, 90 AD3d 841, 847 [2011]; Graham v City of New York, 279 AD2d 435, 436 [2001]; Holmberg v Sheriff’s Off., County of Orange, 279 AD2d 551 [2001]; Mann v Alvarez, 242 AD2d 318, 319-320 [1997]; Jackson v Police Dept. of City of N.Y., 192 AD2d 641, 642 [1993], cert denied 511 US 1004 [1994]; Jenkins v City of New York, 478 F3d 76, 95 [2007]; see generally Cozzani v County of Suffolk, 84 AD3d 1147 [2011]; Bryant v City of New York, 188 AD2d 445, 446 [1992]).
Additionally, the Supreme Court properly denied that branch of the plaintiff’s motion which was for leave to amend her complaint to amplify her cause of action pursuant to 42 USC § 1983 (see Spodek v Neiss, 104 AD3d 758, 759 [2013]; Abakporo v Daily News, 102 AD3d 815, 817 [2013]; Russo v Lapeer Contr. Co., Inc., 84 AD3d 1344 [2011]). Mastro, J.P., Balkin, Hall and Austin, JJ., concur.