■ Janice Jones, as Administratrix of the Estate of Leslie Jones, Jr., Deceased, et al., Respondents, v LeFrance Leasing Limited Partnership et al., Appellants. [7 NYS3d 352]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants LeFrance Leasing Limited Partnership and Mid State Management Corporation appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated June 3, 2013, as granted that branch of the plaintiffs' cross motion which was, in effect, for leave to amend the complaint to add a cause of action alleging gross negligence and a demand for punitive damages against them, and the defendant Alliance Elevator Company separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was to compel the plaintiffs to provide HIPAA (Health Insurance Portability and Accountability Act of 1996, Pub L 104-191, 110 US Stat 1936)-compliant authorizations for the release of medical records of the plaintiff Janice Jones and speaking authorizations pursuant to *Arons v Jutkowitz* (9 NY3d 393 [2007]) for her medical providers with an expiration date of "at the conclusion of litigation," and granted that branch of the plaintiffs' cross motion which was, in effect, for leave to amend the complaint to add a cause of action alleging gross negligence and a demand for punitive damages against them.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the plaintiffs' cross motion which was, in effect, for leave to amend the complaint to add a cause of action alleging gross negligence and a demand for punitive damages and substituting therefor a provision denying that branch of the cross motion, and (2) by deleting the provision thereof denying that branch of the motion of the defendant Alliance Elevator Company which was to compel the plaintiffs to provide HIPAA-compliant authorizations for the release of medical records of the plaintiff Janice Jones and speaking authorizations pursuant to *Arons v Jutkowitz* (9 NY3d 393 [2007]) for her medical providers with the expiration date of "at the conclusion of litigation," and substituting therefor a provision granting that branch of the motion only to the extent of directing the plaintiffs to provide HIPAA-compliant authorizations for the release of that plaintiff's medical records and speaking authorizations pursuant to *Arons v Jutkowitz* (9 NY3d 393 [2007]) for her medical providers concerning her stroke on July 5, 2006, with an expiration date of "at the conclusion of litigation," and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

On February 3, 2007, Leslie Jones, Jr., and his half-brother, Julian Jones (hereinafter together the decedents), allegedly fought with each other in the 11th floor hallway of an apartment building located at 96-04 57th Avenue, Queens, in the LeFrak City apartment complex. During the fight, they slammed against an elevator door, dislodging the door and falling through the opening to their deaths. Although there were no witnesses to the accident, the New York City Department of Buildings generated an accident report based upon inspections, interviews, and review of recorded security camera video footage. The decedents' bodies were not discovered until approximately 37 hours after the accident. Forensic toxicology reports indicated that the decedents were both intoxicated at the time of the accident. Neither decedent resided in the building.

The plaintiffs, who are representatives of the decedents' respective estates, commenced this action against the owner of the building, LeFrance Leasing Limited Partnership, as well as the building manager, Mid State Management Corporation, and the elevator service company, Alliance Elevator Company (hereinafter Alliance). The plaintiffs sought to recover damages

for personal injuries and wrongful death and for their derivative injuries. At her deposition, the plaintiff Janice Jones testified that she had suffered a stroke on July 5, 2006, and that her late son, the decedent Leslie Jones, Jr., had done her shopping, cleaning, and writing for her, and had taken her to medical appointments.

Alliance moved, inter alia, to compel the plaintiffs to provide HIPAA (Health Insurance Portability and Accountability Act of 1996, Pub L 104-191, 110 US Stat 1936)-compliant authorizations for the release of medical records of the plaintiff Janice Jones and speaking authorizations pursuant to *Arons v Jutkowitz* (9 NY3d 393 [2007]) for her medical providers with an expiration date of "at the conclusion of litigation." The plaintiffs cross-moved, inter alia, in effect, for leave to amend the complaint to add a cause of action alleging gross negligence and a demand for punitive damages. The Supreme Court denied that branch of Alliance's motion which was to compel the plaintiffs to provide HIPAA-compliant authorizations and speaking authorizations with respect to the plaintiff Janice Jones, and granted that branch of the plaintiffs' cross motion which was for leave to amend the complaint.

Although leave to amend a complaint should be freely given (*see* CPLR 3025 [b]), a court should deny a motion for leave to amend a complaint if the proposed amendment is palpably insufficient, would prejudice or surprise the defendant, or is patently devoid of merit (*see Martin v Village of Freeport*, 71 AD3d 745 [2010]; *Uadi, Inc. v Stern*, 67 AD3d 899 [2009]). Here, the plaintiffs sought to add a cause of action alleging gross negligence and a demand for punitive damages, which requires a showing of "reckless disregard for the rights of others, bordering on intentional wrongdoing" (*Cowsert v Macy's E., Inc.*, 74 AD3d 1444, 1445 [2010] [internal quotation marks omitted]; *see Marinaccio v Town of Clarence*, 20 NY3d 506, 511 [2013]; *Dupree v Giugliano*, 20 NY3d 921, 924 [2012]; *Prozeralik v Capital Cities Communications*, 82 NY2d 466, 479 [1993]; *Hartford Acc. & Indem. Co. v Village of Hempstead*, 48 NY2d 218, 227-228 [1979]). However, the proposed amendment was palpably insufficient to state such a cause of action and was patently devoid of merit. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' cross motion which was, in effect, for leave to amend the complaint to add a cause of action alleging gross negligence and a demand for punitive damages (*see Cowsert v Macy's E., Inc.*, 74 AD3d 1444 [2010]; *Buckholz v Maple Garden Apts., LLC*, 38 AD3d 584 [2007]; *Heller v Louis Provenzano,*

*Inc.*, 303 AD2d 20, 25 [2003]; *see also Stormes v United Water N.Y., Inc.*, 84 AD3d 1351 [2011]; *Henderson v United Parcel Serv.*, 252 AD2d 865 [1998]).

Janice Jones did not waive her physician-patient privilege merely by commencing this action in her representative capacity (*see Napoli v Crovello*, 49 AD3d 699 [2008]; *Scalone v Phelps Mem. Hosp. Ctr.*, 184 AD2d 65 [1992]). However, she placed her medical condition in controversy by testifying at her deposition that, because of a stroke that she suffered on July 5, 2006, her late son had assisted her by shopping, cleaning, and writing for her, and taking her to medical appointments. Nonetheless, since Janice Jones only waived the privilege with respect to the stroke she suffered on July 5, 2006, the authorizations sought by Alliance must be limited to that condition (*see Bolos v Staten Is. Hosp.*, 217 AD2d 643 [1995]). Mastro, J.P., Austin, Cohen and Barros, JJ., concur.