Diniro v Aspen Athletic Club, LLC (2019 NY Slip Op 04858)





Diniro v Aspen Athletic Club, LLC


2019 NY Slip Op 04858


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, AND TROUTMAN, JJ.


1443 CA 18-01335

[*1]DEBORAH A. DINIRO (PELLIGRA), INDIVIDUALLY, AND AS PERSONAL REPRESENTATIVE AND EXECUTRIX OF THE ESTATE OF RONALD J. PELLIGRA, DECEASED, (ALSO KNOWN AS RON PELLIGRA), PLAINTIFF-RESPONDENT,
v
ASPEN ATHLETIC CLUB, LLC, ZEE MEDICAL, INC., EN-PRO MANAGEMENT, INC., DEFENDANTS-APPELLANTS, ET AL., DEFENDANTS. 






SUGARMAN LAW FIRM, LLP, SYRACUSE (KEVIN R. VANDUSER OF COUNSEL), FOR DEFENDANT-APPELLANT ASPEN ATHLETIC CLUB, LLC. 
WARD GREENBERG HELLER & REIDY LLP, ROCHESTER (ERIC J. WARD OF COUNSEL), FOR DEFENDANT-APPELLANT ZEE MEDICAL, INC. 
CIPRIANI & WERNER, P.C., BLUE BELL, PENNSYLVANIA (DAVID G. VOLK, OF THE PENNSYLVANIA BAR, ADMITTED PRO HAC VICE, OF COUNSEL), FOR DEFENDANT-APPELLANT EN-PRO MANAGEMENT, INC. 
CHERUNDOLO LAW FIRM, PLLC, SYRACUSE (JOHN C. CHERUNDOLO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeals from an order of the Supreme Court, Onondaga County (Gregory R. Gilbert, J.), entered January 25, 2018. The order, insofar as appealed from, denied the motion of defendant Aspen Athletic Club, LLC, and the cross motion of defendant Zee Medical, Inc., for summary judgment and denied in part the motion of defendant En-Pro Management, Inc., for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant En-Pro Management, Inc. in its entirety and dismissing the complaint and cross claims against it, granting the cross motion of defendant Zee Medical, Inc. in part and dismissing the third and fourth causes of action in the amended complaint, and granting the motion of defendant Aspen Athletic Club, LLC in part and dismissing the amended complaint against it insofar as the amended complaint asserts claims for gross negligence and punitive damages against it, and as modified the order is affirmed without costs.
Memorandum: Defendants Aspen Athletic Club, LLC (Aspen), Zee Medical, Inc. (Zee), and En-Pro Management, Inc. (En-Pro) appeal from an order that, insofar as appealed from, denied the motion of Aspen and the cross motion of Zee for summary judgment and denied in part the motion of En-Pro for summary judgment.
We conclude that Supreme Court properly denied Aspen's motion to the extent that it sought summary judgment dismissing the negligence claims against it. Even assuming, arguendo, that Aspen met its initial burden on the motion, we conclude that plaintiff raised an issue of fact whether Aspen violated General Business Law § 627-a by not having an operable automatic external defibrillator (AED) present at the health club where plaintiff's decedent fatally collapsed. Contrary to Aspen's contention, it had an affirmative duty pursuant to General Business Law § 627-a to ensure that it had a working AED on site (see Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 347-348 [2013]). We reject Aspen's contention that the operability of the AED was immaterial under the statute and that Aspen satisfied its duty [*2]merely by having an AED present at the subject health club, regardless of whether it actually worked. Contrary to Aspen's further contention, there is no conflict between the statute's requirement that health clubs have a working AED on site and the fact that the statute does not require that an available AED actually be used during an emergency. Although the Court of Appeals noted in Miglino that section 627-a was intended "to protect health clubs and their employees from the risk of liability for ordinary negligence with respect to AEDs" (Miglino, 20 NY3d at 349), the statute cannot be said to have been intended to insulate such clubs and employees from liability for the complete failure to have an operable AED available on site.
We further conclude, however, that the court erred in denying Aspen's motion to the extent that it sought summary judgment dismissing the gross negligence and punitive damages claims against it, and we therefore modify the order accordingly. Aspen established on its motion that its failure to have a working AED on site did not "evince[] a reckless disregard for the rights of others or smack[]' of intentional wrongdoing" such that it was grossly negligent (see Colnaghi, U.S.A. v Jewelers Protection Servs., 81 NY2d 821, 823-824 [1993]), and plaintiff failed to raise an issue of fact in that regard (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Similarly, Aspen established that punitive damages are unwarranted because its conduct did not "manifest spite or malice, or a fraudulent or evil motive . . . , or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton" (Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013], rearg denied 21 NY3d 976 [2013] [internal quotation marks omitted]), and plaintiff failed to raise an issue of fact (see generally Zuckerman, 49 NY2d at 562).
We also conclude that the court erred in denying the motion of En-Pro to the extent that it sought summary judgment dismissing the negligence claims and cross claims against it, and that the court erred in denying the cross motion of Zee to the extent that it sought summary judgment dismissing the negligence causes of action against it. En-Pro and Zee established that they did not " create[] or exacerbate[]' a harmful condition," and therefore they cannot be said to have " launched' " the condition that harmed plaintiff's decedent (Espinal v Melville Snow Contrs., 98 NY2d 136, 142 [2002]). Indeed, Aspen's failure to have an operable AED on site, which constituted the dangerous condition at issue, was entirely independent from any action performed, or not performed, by either En-Pro or Zee (see generally Espinal, 98 NY2d at 140; Heard v City of New York, 82 NY2d 66, 73 [1993], rearg denied 82 NY2d 889 [1993]). Plaintiff failed to raise an issue of fact in that regard in opposition to either En-Pro's motion or Zee's cross motion (see generally Zuckerman, 49 NY2d at 562). Therefore, we further modify the order by granting En-Pro's motion in its entirety and dismissing the complaint and cross claims against it, and by granting Zee's cross motion in part and dismissing the third and fourth causes of action in the amended complaint, i.e., the negligence causes of action against it.
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court