Uberto, Ltd. v Supcoff (2020 NY Slip Op 05837)





Uberto, Ltd. v Supcoff


2020 NY Slip Op 05837


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Friedman, J.P., Manzanet-Daniels, Kern, Moulton, JJ. 


Index No. 655155/16 Appeal No. 12087 Case No. 2019-4851 

[*1]Uberto, Ltd., Plaintiff-Appellant,
v
Marc Supcoff, et al., Defendants-Respondents.


Moses & Singer LLP, New York (David Lackowitz of counsel), for appellant.
Rivkin Radler LLP, New York (Jonathan B. Bruno of counsel), for respondents.



Appeal from order, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 17, 2019, to the extent it granted defendants' motion for summary judgment dismissing the causes of action for breach of fiduciary duty and tortious interference with contract and the demand for punitive damages, deemed appeal from judgment (CPLR 5501[c]) entered September 12, 2019, dismissing the complaint, and so considered, said judgment unanimously reversed, on the law, without costs, the judgment vacated, and the order modified to deny the motion as to the causes of action for breach of fiduciary duty and tortious interference with contract.
Plaintiff, a contractor, entered into a contract with a homeowner to renovate a home. An action was brought against plaintiff and a subcontractor by an adjacent owner alleging trespass. The homeowner retained defendants to defend plaintiff in the trespass action and to initiate an action against the adjacent owner. At some point, the homeowner became dissatisfied with plaintiff's work and terminated it for cause under the agreement. Plaintiff brought an arbitration proceeding against the homeowner and was awarded approximately $700,000. The arbitrator found that the termination for cause was improper.
Plaintiff contends that defendants breached their fiduciary duty to it by facilitating and advising the homeowner to terminate the contract for cause at a time when they were also representing plaintiff. Based on defendants' conduct, plaintiff also asserted a cause of action for tortious interference with contract.
In opposition to defendants' motion, plaintiff presented evidence sufficient to raise an issue of fact as to whether defendants' conduct resulted in the homeowner's termination of the contract for cause at a time when defendants represented both plaintiff and the homeowner (see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker, 56 AD3d 1, 10-11 [1st Dept 2008]). This evidence includes an affidavit by the homeowner in which she states that she followed the advice of her attorneys in terminating the contract for cause. The motion court characterized this affidavit as a "recent fabrication." However, the homeowner is not a party to this action and has no economic interest in the outcome. Moreover, the homeowner's affidavit does not contradict her deposition testimony.
Defendants contend that plaintiff cannot show damages because it was fully reimbursed for its losses in the arbitration proceeding. However, as the court noted, plaintiff may be able to demonstrate that its legal fees were higher because of the need to recover on invoices that were not paid as a result of the improper termination for cause.
Plaintiff presented evidence also sufficient to raise an issue of fact as to whether defendants intentionally induced the homeowner to breach the contract with plaintiff without justification (see Lama Holding Co. v Smith Barney Inc., 88 NY2d 413, 424 [1996]).
However, plaintiff failed to show that defendants' conduct was sufficiently egregious, willful, or malicious to warrant an award of punitive damages (see Marinaccio v Town of Clarence, 20 NY3d 506, 511-512 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020