EMFT, LLC v New York City Dept. of Transp. (2022 NY Slip Op 02337)

EMFT, LLC v New York City Dept. of Transp.

2022 NY Slip Op 02337

Decided on April 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 07, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Index No. 158695/17 Appeal No. 15681 Case No. 2020-02385 

[*1]EMFT, LLC, et al., Plaintiffs-Respondents, 373-375 Broadway, LLC, Plaintiff-Respondent-Appellant,
v
The New York City Department of Transportation et al., Defendants, Broadway 371, LLC, et al., Defendants-Appellants-Respondents.

Rivkin Radler LLP, Uniondale (Evan H. Krinick of counsel), for appellants-respondents.
Wilk Auslander LLP, New York (Michael T. Contos of counsel), for respondent-appellant.
Bornstein Turkel, P.C., New York (Avram Turkel of Counsel), for EMFT, LLC, respondent.
Stern Tannenbaum & Bell LLP, New York (Karen S. Frieman of counsel), for 70 Franklin Place LLC, respondent.
Borah, Goldstein, Altschuler, Nahins & Goidel, P.C., New York (Paul N. Gruber of counsel), for 377 Broadway Condominium, respondent.

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about November 12, 2019, which, to the extent appealed from as limited by the briefs, denied the motion for partial summary judgment by defendants Broadway 371, LLC and El Ad US Holding, Inc. (together, the sponsor defendants) on their counterclaim for a declaratory judgment, denied the sponsor defendants' motion to dismiss plaintiffs' claim that a change of grade in the cobblestones on the alleyway at Franklin Place violated their easement rights, and dismissed plaintiffs' demand for punitive damages against the sponsor defendants, unanimously affirmed, with costs.
The sponsor defendants failed to establish their prima facie entitlement to summary judgment, as the record presents factual issues regarding whether they owned parking spaces at the garage on Franklin Place, and whether that ownership, even if it existed, would confer standing to bring a counterclaim with respect to the easement. On appeal, the sponsor defendants contend that they have "something truly at stake in a genuine controversy" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 812 [2003], cert denied 540 US 1017 [2003]) because they represented to prospective purchasers of the condo units that there would be unobstructed easement rights. However, the truth or falsity of the sponsor defendants' representations is irrelevant to the issue of standing, as a party generally must assert its own legal rights and interests and cannot rest its claim to relief on the legal rights or interests of third parties (see Warth v Seldin, 422 US 490, 499 [1975]). Indeed, the sponsor defendants provide no support for their contention. Similarly, the record presents factual issues as to whether the sponsor defendants' counterclaim is justiciable, as it is not clear that there is an actual controversy regarding interference with the easement (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713 [1980]; Saratoga County Chamber of Commerce, 100 NY2d at 810-811 [2003]).
There are also factual issues surrounding the scope of the easement and whether any of the parties' rights to the easement have been compromised, as the language of the easement, which is more than 200 years old, is not "certain and unambiguous" (Gilliland v Acquafredda Enters., LLC, 92 AD3d 19, 26 [1st Dept 2011]). The question of whether the parties' rights to the easement have been unreasonably obstructed presents another disputed issue of fact that cannot be resolved on this record (see Grafton v Moir, 130 NY 465, 471 [1892]).
As to plaintiffs' claim that the sponsor defendants' regrading of the cobblestones along Franklin Place interfered with their easement rights, the sponsor defendants do not dispute that they changed the grade of the cobblestones, nor do they offer any evidence showing that the change in grade has not impeded plaintiffs' easement rights. The sponsor defendants simply assert in conclusory terms that the change could not [*2]possibly have interfered with the easement, and this assertion is insufficient to eliminate material issues relating to the claim before discovery.
Finally, while plaintiff 373-375 Broadway cross-appeals for a reinstatement of its punitive damages demand, its allegations do not rise to "spite or malice, or fraudulent or evil motive on the part of the defendant, or such a conscious and deliberate disregard of the interests of others that the conduct may be called willful or wanton" (Marinaccio v Town of Clarence, 20 NY3d 506, 511 [2013], quoting Dupree v Giugliano, 20 NY3d 921, 924 [2012]), as required. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 7, 2022