Owens v STD Trucking Corp. (2023 NY Slip Op 05323)

Owens v STD Trucking Corp.

2023 NY Slip Op 05323

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Kapnick, J.P., Singh, Friedman, González, Shulman, JJ. 

Index No. 23076/19E Appeal No. 862-863 Case No. 2022-00787 2022-03460 

[*1]Sharisse Owens et al., Plaintiffs-Appellants,
v
STD Trucking Corporation et al., Defendants-Respondents. 

The Yankowitz Law Firm, P.C., Great Neck (Steven R. Widom of counsel), for appellants.
Smith Mazure, P.C, New York (Louise M. Cherkis of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered February 9, 2022, which, to the extent appealed from, denied plaintiffs' motion to amend the complaint to add a claim for punitive damages against defendant Darryl Eldridge, unanimously reversed, on the law and the facts, without costs, and the motion granted. Appeal from order, same court and Justice, entered July 7, 2022, which, to the extent appealed from, granted plaintiffs' motion to reargue and, upon reargument, adhered to its prior decision denying the motion to amend the complaint with respect to Eldridge, unanimously dismissed, without costs, as academic.
The court improvidently exercised its discretion and should have granted plaintiffs' motion to amend the complaint to add a claim for punitive damages against Eldridge based on his deposition testimony that he knowingly drove a truck on a public roadway with defective brakes, horn, and one inoperable windshield wiper, and was reaching for his cell phone that had fallen to the floor of the car when his truck collided with the rear of plaintiffs' vehicle. A jury might find that such conduct sufficiently demonstrated a conscious and willful disregard of the interests of others (see Marinaccio v Town of Clarence, 20 NY3d 506, 511-512 [2013]).
The court denied plaintiffs' motion to reargue their February 9, 2022 order upon a finding that the amendment would prejudice Eldridge because it subjected him to personal exposure in the accident. However, greater exposure to liability does not constitute prejudice. There must be some indication that defendant has been hindered in the preparation of its case or has been prevented from taking some measure to support its position, and the burden of demonstrating prejudice is on the party opposing amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411 [2014]). Eldridge failed to sustain his burden of showing prejudice.
STD Trucking Corporation and STD Trucking Ltd.'s (collectively STD) objection to amending the complaint to assert a punitive damage claim against them was waived by their failure to file a notice of appeal of the court's July 7, 2022 order granting plaintiffs' motion to amend with respect to STD.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023